UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

|  |  |
|---|---|
| LISA PIAZZA, JOSEPH BORDEN, and RICHARD YUNKER,<br><br>Plaintiffs,<br><br>v.<br><br>SANTANDER CONSUMER USA INC. and JMAC DISTRIBUTION LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 19-cv-11697 |

---

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1453 and 1711-1715, Defendant Santander Consumer USA Inc. ("SC" or "Defendant") hereby gives notice of the removal of the action styled *Lisa Piazza, et al. v. Santander Consumer USA Inc., et al.*, bearing Civil Action No. 1981CV01695 (the "State Court Action") from the Commonwealth of Massachusetts Superior Court, Middlesex County, to the United States District Court for the District of Massachusetts.  In support of this Notice of Removal, SC states as follows:

I.      **BACKGROUND**

    1.     On or about June 13, 2019, Plaintiffs commenced the State Court Action. A copy of the Summons and Complaint are attached as **Exhibit 1**.[1]

    2.     On July 8, 2019, SC was served with the Summons and Complaint in the State Court Action. *See* Service of Process Transmittal, attached hereto as **Exhibit 2**.

---

[1] Pursuant to 28 U.S.C. § 1446(a), **Exhibit 1** contains copies of all of the process and pleadings served upon SC in the State Court Action.

3.      Plaintiff Lisa Piazza is a citizen of Massachusetts. *See* Complaint, ¶ 1.

4.      Plaintiff Joseph Borden is a citizen of Massachusetts. *Id.*, ¶ 2.

5.      Plaintiff Richard Yunker is a citizen of Massachusetts. *Id.*, ¶ 3.

6.      Defendant SC is an Illinois corporation with a principal place of business in Dallas, Texas. *See id.*, ¶ 4; **Exhibit 3**, Declaration of Wayne Nightengale in Support of Defendant's Notice of Removal ("Nightengale Decl."), ¶ 2.

7.      Defendant JMAC Distribution, LLC ("JMAC") is, upon information and belief, a Massachusetts corporation with a principal place of business in Fitchburg, Massachusetts. Complaint, ¶ 5.

8.      Plaintiffs assert a claim against SC for violation of certain notice provisions of Article 9 of the Massachusetts Uniform Commercial Code, M.G.L. c. 106, § 9-101 *et seq.* ("UCC"). Complaint, ¶¶ 52-58. Plaintiff Piazza also asserts an individual claim against SC and JMAC under M.G.L. c. 106, § 9-609 for breach of the peace in the course of the repossession of her vehicle. Complaint, ¶¶ 59-62.

9.      Plaintiffs seek to represent a putative class of similarly-situated Massachusetts residents[2] to whom SC sent a "notice identical and/or substantially similar to the Repossession Notices" received by the Plaintiffs. Complaint, ¶¶ 42-43.

10.     Plaintiffs seek statutory damages for the alleged UCC violation in a minimum amount of the credit service charge plus 10% of the principal amount of the obligation for each member of the class. *Id.*, ¶ 58 and Prayer for Relief 3.

---

[2] The Complaint states Plaintiffs "bring this action on behalf of a class of all other [SC] customers so similarly situated." Complaint, ¶ 42. Though this language could be construed as defining a national class, other allegations in the Complaint indicate Plaintiffs intended to bring this action on behalf of Massachusetts consumers only. *See, e.g.*, *id.*, ¶¶ 40, 52.

11.     Plaintiff Piazza paid credit service charges of $7,719.67 (her retail installment sale contract, which contract manifests her payment obligations, reflects a Finance Charge of $22,140.54 as the amount that the credit would cost her if she timely made every payment). **Ex. 3**, Nightengale Decl., ¶ 6. Her original principal obligation, or Amount Financed on her contract, was $35,250.56. *Id*. Accordingly, Piazza seeks minimum individual damages not less than $11,244.73 ($7,719.67 plus 10% of $35,250.56).[3] This calculation, and those below for each of the other Plaintiffs, uses credit service charges paid. Using the Finance Charge stated on Plaintiffs' respective contracts, as may be inferred by the Complaint, ¶ 58 and Prayer for Relief 3, each Plaintiff's alleged damages would be greater.

12.     Plaintiff Borden paid credit service charges of $976.08. **Ex. 3**, Nightengale Decl., ¶ 8. His retail instalment sale contract reflects a total Finance Charge of $10,537.87, and an Amount Financed of $17,089.97. *Id*. Accordingly, Borden seeks minimum individual damages not less than $2,685.08 ($976.08 plus 10% of $17,089.97).

13.     Plaintiff Yunker paid credit service charges of $880.67. **Ex. 3**, Nightengale Decl., ¶ 10. His retail installment sale contract reflects a total Finance Charge of $21,575.95, and an Amount Financed of $34,724.30. *Id*. Thus, Yunker seeks minimum individual damages not less than $4,353.10 ($880.67 plus 10% of $34,724.30).

---

[3] Piazza also seeks actual and minimum statutory damages stemming from her individual claim for breach of the peace. No actual damages figure is alleged. Piazza's individual claim is ripe for severing.  It is factually and legally distinct from Plaintiffs' pre-sale notice claim, it concerns a matter more appropriately adjudicated in state court, and it is the only claim that concerns the co-defendant, JMAC. *See Coutin v. Young & Rubicam Puerto Rico, Inc.*, 124 F.3d 331, 339 (1st Cir. 1997) ("[W]hen different claims for relief are not interconnected—that is, when the claims rest on different facts and legal theories—they are by definition severable and unrelated."); *TD Bank, N.A. v. Estate of Woodman Through Albert*, No. 2:17-CV-00163-JAW, 2019 WL 316570, at *2 (D. Me. Jan. 24, 2019) (allowing bank's motion to sever partition and foreclosure claims where it "would likely result in a more expeditious, clearer, and less costly resolution of the issues"); *Deajess Med. Imaging, P.C. v. Allstate Ins. Co.*, 344 F. Supp. 2d 907, 914 (S.D.N.Y. 2004) (courts are inclined to sever where, *inter alia*, claims involved small, local matters more appropriately raised in state courts).

14.    Plaintiffs also seek declaratory relief declaring "unenforceable any deficiency loan balances[4] owed by class members to [SC]" as well as "such other relief as the Court deems just." Complaint, Prayer for Relief 4, 6.

## II.    GROUNDS FOR REMOVAL

15.    A class action may be removed under the Class Action Fairness Act ("CAFA") when: (1) there is minimal diversity (i.e., the citizenship of at least one plaintiff is diverse from the citizenship of at least one defendant), 28 U.S.C. § 1332(d)(2); (2) there are at least 100 putative class members, 28 U.S.C. § 1332(d)(5)(B); (3) the amount in controversy based upon the class members' aggregated claims exceeds $5 million exclusive of interest and costs, 28 U.S.C. § 1332(d)(2); (4) the primary defendants are not states, state officials, or other governmental entities against whom the district court may be prevented from ordering relief, 28 U.S.C. § 1332(d)(5)(A); and (5) the 30-day deadline for removal is met, 28 U.S.C. § 1446(b).

### A.    Minimal Diversity Exists.

16.    SC is an Illinois corporation with its principal place of business in Texas.[5] Plaintiffs are residents of Massachusetts. Thus, minimal diversity exists between the parties. 28 U.S.C. § 1332(d)(2)(A) ("Minimal diversity" means that "any member of a class of plaintiffs is a citizen of a State different from any defendant.").

### B.    The Putative Class Consists of More Than 100 Members.

17.    Plaintiffs allege that the putative class encompasses at least 40 Massachusetts consumers. Complaint, ¶¶ 40, 45. SC has not had sufficient time to complete its analysis of the

---

[4] SC did not lend to and does not have a loan with any Plaintiff. SC did purchase and is the holder of Retail Installment Sale Contracts executed by Plaintiffs. SC will accept Plaintiffs' use of improper terminology for purposes of simplicity and this Notice only.
[5] SC is not a state, a state official or a government entity. *See* 28 U.S.C. § 1332(d)(5)(A).

potential class and specifically denies that Plaintiffs have properly identified a viable class.[6] Nonetheless, based on SC's preliminary analysis, the alleged class includes at least 2,000 members.[7] **Ex. 3**, Nightengale Decl., ¶ 12.

      **C.**     **As Alleged, the Aggregate Amount in Controversy Exceeds $5,000,000**.

18.     Taking Plaintiffs' claims as typical of the claims of members of the putative class, as Plaintiffs allege, Complaint, ¶ 47, and as they must be in order for Plaintiffs to qualify as class representatives, and applying the average amount of the Plaintiffs' respective UCC notice claim (Complaint, Count I) to the preliminary minimum putative class of 2,000 members, the amount in controversy exceeds $12,000,000 (2,000 x $6,094.30 (average of Plaintiffs' alleged individual damages, using credit service charges paid rather than the greater Finance Charge stated in each contract) = $12,188,600). *See* Paragraphs 11-13 and 17 above.

19.     In addition, SC's preliminary analysis of the putative classes indicates that the average credit service charges paid for the members within the group that may be the putative class is approximately $6,900 and the average Amount Financed of this group is approximately $19,000. Accordingly, using SC's preliminary analysis numbers rather than the Plaintiffs' actual numbers also yields a result well in excess of the CAFA threshold (2,000 members multiplied by the total of the average credit service charges paid of approximately $6,900 plus 10% of the average Amount Financed of approximately $19,000 is $17,600,000). *See* Complaint, Prayer for Relief 3, and **Ex. 3**, Nightengale Decl., ¶ 13.

---

[6] SC does not concede and reserves the right to challenge Plaintiffs' theory of liability and damages. *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").

[7] For these purposes, SC is treating each relevant account as a single putative class member, without regard to the fact that some accounts have multiple co-obligors, each of whom may be considered "persons to whom Santander sent a notice . . ." under the allegations of the Complaint, ¶ 43.

20.     The above calculations do not take into account the deficiency collection bar that Plaintiffs seek for themselves and the putative class. Complaint, Prayer for Relief 4.   Plaintiffs average deficiency balance is $12,239.07.   *See* **Ex. 3**, Nightengale Decl. ¶¶ 7, 9 and 11.   The putative class consists of at least 2,000 members. Thus, the deficiency collection bar request alone greatly exceeds the $5,000,000 CAFA threshold.

21.     Thus, while SC has not had sufficient time to complete its analysis of the putative class, and specifically denies that Plaintiffs have properly identified a viable class, it is nevertheless clear that the amount in controversy greatly exceeds the CAFA $5,000,000 threshold.

**D.     Removal Is Timely**.

22.     SC has removed the action within 30 days of being served with or having received the Complaint.  This Notice of Removal has, therefore, been timely filed.  *See* 28 U.S.C. § 1446(b).

## III.     ALL OTHER PROCEDURES FOR REMOVAL HAVE BEEN FOLLOWED

23.     This action has not previously been removed to federal court.

24.     Notice has been sent to the state court regarding the removal of this action.

25.     All adverse parties to this action have been provided with written notice of the filing of this removal, as required by 28 U.S.C. § 1446(d), as evidenced by the attached Certificate of Service and by Notice to Parties of Removal directed to Plaintiffs, which will be promptly filed in the State Court Action.  A copy of the Notice to Parties of Removal to be filed in the Superior Court on this date (without exhibits) is attached hereto as **Exhibit 4**.

26.     Venue is proper in this district under 28 U.S.C. § 1441(a) because the court where the State Court Action is pending is located in this district.

27.     Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by SC of any fact, of any validity or merits of any of Plaintiffs'

claims, causes of action, theory of damages, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of SC's rights, claims, remedies, and defenses in connection with this action, including the right to move to sever claims, all of which are hereby fully and expressly reserved. SC expressly reserves the right to amend or supplement this Notice of Removal, should any aspect of this removal and/or the information set forth herein be challenged.

   **WHEREFORE**, pursuant to the provisions of 28 U.S.C. §§ 1332, 1453 and 1711-1715, Defendant Santander Consumer USA Inc. hereby removes to this Court the action styled *Lisa Piazza, et al. v. Santander Consumer USA Inc. et al.*, bearing Civil Action No. 1981CV01695, from the Commonwealth of Massachusetts Superior Court, Middlesex County.

Dated:  August 6, 2019

                              Defendant,
                              SANTANDER CONSUMER USA INC.
                              By its attorneys,


                              /s/ Michael T. Grant
                              Michael T. Grant (BBO No. 677893)
                              Charles A. Ognibene (BBO No. 300774)
                              DUANE MORRIS LLP
                              100 High Street, Suite 2400
                              Boston, MA 02110-1724
                              Telephone: +1 857 488 4200
                              Fax: +1 857 488 4201
                              MTGrant@duanemorris.com
                              CAOgnibene@duanemorris.com

                              Robert J. Brener (*pro hac* motion to be filed)
                              DUANE MORRIS LLP
                              One Riverfront Plaza
                              1037 Raymond Blvd., Suite 1800
                              Newark, NJ 07102-5429
                              Telephone: +1 973 424 2000
                              Fax: +1 973 424 2001
                              RJBrener@duanemorris.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of August, 2019, a copy of the foregoing was served,

via U.S. mail, postage prepaid, on the following:

Nicholas F. Ortiz, Esq.
Raven Moeslinger, Esq.
Stephanie C. Ozahowski, Esq.
Law Office of Nicholas F. Ortiz, P.C.
99 High Street, Suite 304
Boston, MA 02110
*Counsel for Plaintiffs*

JMAC Distribution, LLC
131 Crawford Street
Fitchburg, MA 01420

<u>/s/ Michael T. Grant</u>

DM3\5969720.3