# Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1981CV01695

Lisa Piazza, Joseph Borden, and Richard Yunker, PLAINTIFF(S),

v.

Santander Consumer USA Inc. and JMAC Distribution LLC, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO Santander Consumer USA Inc. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Middlesex Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, Superior Court, 200 Trade Center, Woburn, MA 01801 (address), by mail or in person, **AND**
    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: 99 High St, Ste 304, Boston, MA 02110

3.  **What to include in your response.** An "**Answer**" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "**Motion to Dismiss,**" if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

Joseph P Casey

A true copy Attest:

Deputy Sheriff Suffolk County
7-8-19

4.  **Legal Assistance.** You may wish to get legal help from a lawyer.  If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _June 18_, 20 19 .

_Michael A. Sullivan_
Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20 ___ , I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated:_____ , 20 ____     Signature: _____

N.B.     **TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

| |
|---|
| , 20 ___ |

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| PLAINTIFF(S): | Lisa Piazza, Joseph Borden, and Richard Yunker |
|---|---|
| ADDRESS: | 99 High Street, Suite 304, Boston, MA 02110 |

**COUNTY** Middlesex

| DEFENDANT(S): | Santander Consumer USA Inc. and JMAC Distribution LLC |
|---|---|

| ATTORNEY: | Stephanie C. Ozahowski, Esq. |
|---|---|
| ADDRESS: | Law Office of Nicholas F. Ortiz, P.C., 99 High Street, Suite 304, Boston, MA 02110 |

| ADDRESS: | Santander Consumer USA Inc.: 1601 Elm Street, Suite 800, Dallas, TX 75201 |
|---|---|
| | JMAC Distribution, LLC: 131 Crawford Street, Fitchburg, MA 01420 |

| BBO: | 699258 |
|---|---|

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A01 | Services, Labor, and Materials | F | [X] YES   [ ] NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?    [ ] YES   [X] NO

Is this a class action under Mass. R. Civ. P. 23?    [X] YES   [ ] NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ..................................................................................... $_____
2. Total doctor expenses ..................................................................................... $_____
3. Total chiropractic expenses ..................................................................................... $_____
4. Total physical therapy expenses ..................................................................................... $_____
5. Total other expenses (describe below) ..................................................................................... $_____
Subtotal (A): $_____

B. Documented lost wages and compensation to date ..................................................................................... $_____
C. Documented property damages to date ..................................................................................... $_____
D. Reasonably anticipated future medical and hospital expenses ..................................................................................... $_____
E. Reasonably anticipated lost wages ..................................................................................... $_____
F. Other documented items of damages (describe below) ..................................................................................... $_____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$_____

### CONTRACT CLAIMS
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

Provide a detailed description of claim(s):

Unlawful debt collection and car repossession practices in violation of Massachusetts law.

TOTAL: $ est. >25,000

Signature of Attorney/ Unrepresented Plaintiff: X   _[signature]_    Date: Jun 11, 2019

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X   _[signature]_    Date: Jun 11, 2019

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT
DEPARTMENT OF
THE TRIAL COURT

|  |  |
|---|---|
| LISA PIAZZA, JOSEPH BORDEN, and RICHARD YUNKER,<br><br>     Plaintiff,<br><br>v.<br><br>SANTANDER CONSUMER USA INC. and JMAC DISTRIBUTION LLC,<br><br>     Defendants, | C.A. No. |

## COMPLAINT

### I.     INTRODUCTION

This is an action brought on behalf of, Lisa Piazza, Joseph Borden, and Richard Yunker, (collectively, the "Plaintiffs"), and a putative class of Massachusetts consumers similarly injured by the unlawful debt collection and car repossession practices of the Defendant, Santander Consumer USA Inc. ("Santander"). After repossessing the plaintiff's and other class members' vehicles, Santander sent them form post-repossession notices that failed to include key provisions required by law.  The failure to provide a consumer with all appropriate repossession notices and information required by Massachusetts law gives rise to statutory and other damages.

Additionally, Plaintiff Lisa Piazza brings an individual action against Defendants Santander and JMAC Distribution LLC (JMAC) (collectively, the "Defendants"), for breaching the peace during the course of the repossession of her vehicle in violation of state law.

### II.     PARTIES

1.     Plaintiff Lisa Piazza resides in Burlington, Massachusetts.

1

2.    Plaintiff Joseph Borden resides in Brockton, Massachusetts.

3.    Plaintiff Richard Yunker resides in Swampscott, Massachusetts.

4.    Defendant Santander Consumer USA Inc. ("Santander") is a savings bank and credit lender with a usual place of business located at 1601 Elm Street, Suite 800, Dallas, Texas, 75201.

5.    Defendant JMAC Distribution, LLC is a domestic corporation with a principal office located at 131 Crawford Street, Fitchburg, Massachusetts, 01420.

### III.    JURISDICTION AND VENUE

6.    Jurisdiction and venue is proper in this Court as the Defendants are corporations subject to suit under M.G.L. c. 223 §§ 1, 8 and Plaintiff Joseph Borden resides in Suffolk County.

### IV.    STATEMENT OF FACTS

**Facts Related to Lisa Piazza**

7.    Santander is a credit lender that enters into many types of consumer loans, including auto loans in Massachusetts.

8.    On or around July 11, 2017, Ms. Piazza entered into a loan agreement with Santander for the purchase of a 2015 Toyota Sienna automobile.

9.    The loan agreement included an amount financed of $32,250.56 and finance charge of $22,140.64.

10.   The debt was incurred by Ms. Piazza for primarily personal, family, or household purposes.

11.   The purchase of the vehicle was a consumer-goods transaction, as defined in M.G.L. c. 106, § 9-102(24).

2

12.     Upon alleged default, Santander chose to pursue non-judicial process to repossess the vehicle.

13.     Santander engaged JMAC to carry out the repossession of Ms. Piazza's vehicle.

14.     Neither Santander nor JMAC obtained a judicial order to repossess the vehicle.

15.     On January 7, 2019, at approximately 7:15PM, a JMAC repossession agent (the "Agent") arrived at Ms. Piazza's home.

16.     The Agent did not ask Ms. Piazza permission before entering her property to attach her vehicle, which was in her private driveway, to his tow truck.

17.     The Agent then approached Ms. Piazza's front door and shined a flashlight into her home, before knocking loudly. Ms. Piazza, who was pregnant at the time, was home alone with her three children.

18.     The Agent demanded that Ms. Piazza give him the keys to her vehicle.

19.     Ms. Piazza refused, telling the Agent he may not take the vehicle and demanded that the Agent leave her private property.

20.     The Agent refused to leave and again demanded the keys. Ms. Piazza then called her husband, Mr. Piazza, and handed the agent the phone. Mr. Piazza then also demanded the Agent leave and informed him that he was trespassing.

21.     The Agent again refused to leave, demanded the keys to the vehicle, and threatened increased tow costs if Ms. Piazza refused to hand over the keys.

22.     Mr. Piazza then threatened to call the police, and your Agent informed Mr. Piazza and Ms. Piazza that the police were aware of the repossession, suggesting that he was operating under color of law.

3

23.     Feeling as though she had no other choice, Ms. Piazza turned over the keys and the Agent completed the unlawful repossession.

24.     As a result of the Defendants' unlawful actions, Ms. Piazza suffered damages.

**Facts Related to Joseph Borden**

25.     On or around July 7, 2017, Mr. Borden entered into a loan agreement with Santander for the purchase of a 2018 Hyundai Elantra automobile.

26.     The loan agreement included an amount financed of $17,089.97 and finance charge of $10,537.87.

27.     The debt was incurred by Mr. Borden for primarily personal, family, or household purposes.

28.     The purchase of the vehicle was a consumer-goods transaction, as defined in M.G.L. c. 106, § 9-102(24).

29.     Upon alleged default, Santander chose to pursue non-judicial process to repossess the vehicle.

30.     On January 14, 2019, Santander repossessed the vehicle.

**Facts Related to Richard Yunker**

31.     In July 2018, Plaintiff Richard Yunker took a loan from Santander for the purchase of a 2018 Dodge Durango automobile.

32.     The loan agreement included an amount financed of $34,724.30 and finance charge of $21,575.95.

33.     This debt was incurred by Mr. Yunker for primarily personal, family, or household purposes.

34.     The purchase of the vehicle was a consumer-goods transaction, as defined in M.G.L. c. 106, § 9-102(24).

35.     Upon alleged default, Santander chose to pursue non-judicial process to repossess the vehicle.

36.     On or about December 17, 2018, Santander repossessed the vehicle.

**Facts Related to the Repossession Notices**

37.     Following the repossession of their vehicles, Santander sent each of the Plaintiffs a notice advising them of the repossession of their vehicles, and of its intent to sell their vehicles. *See* Exhibit A, Repossession Notices.

38.     The Repossession Notices erroneously state, "The money that we get from the sale (after paying our costs) will reduce the amount you owe. If the net proceeds at sale, after expenses, does not equal your unpaid balance, and if the total unpaid balance exceeds $2,000, you may owe us the difference."

39.     Massachusetts law, however, requires that consumers be given explicit notice that the fair market value of the vehicle, not the sale price, will be deducted from the amount they would owe on their loans after the sale of their vehicle.  M.G.L. c. 255B, § 20B.

40.     On information and belief, Santander sent form notices to at least 40 other Massachusetts consumers that were identical and/or substantially similar to the Repossession Notices attached as Exhibit A and which also failed to comply with Massachusetts law, in the four years preceding the date of the filing of this Complaint.

41.     On information and belief, Santander has sold each of the Plaintiffs' vehicles.

## V.   **CLASS ALLEGATIONS**

42.     The Plaintiffs bring this action on behalf of a class of all other Santander

customers so similarly situated.

43.     The class consists of all persons to whom Santander sent a notice identical and/or substantially similar to the Repossession Notices attached as <u>Exhibit A</u> at any time during the four-year period prior to the commencement of this action.

44.     The class is sufficiently numerous that joinder of all members is impracticable.

45.     On information and belief, the class encompasses at least 40 customers.

46.     There are questions of law and fact which are common to all members of the class. These questions predominate over any question affecting only individual class members. The gravamen of this complaint is based on the form post-repossession notices and which were sent to all potential class members.

47.     The Plaintiffs' claims are typical of the claims of members of the class as all claims are based on the same factual and legal theories.

48.     The Plaintiffs will fairly and adequately represent the interests of class members. The Plaintiffs have no conflict with any members of the class and is capable and willing to serve as a class representative.   She has retained counsel competent and experienced in class action litigation.

49.     Certification of this class pursuant to Mass. R. Civ. P. 23 is appropriate. Common questions of law and fact predominate over individual questions. Among the questions of law and fact common to the Plaintiffs and the class are:

a.     Whether Santander failed to provide consumers with the rights and disclosures mandated by the Massachusetts Uniform Commercial Code;

b.     Whether Santander failed to provide the description of the borrower's liability for a deficiency, violating UCC § 9-614(1)(B); and

c.     Whether Santander breached its duty of good faith in violation of M.G.L. c. 106 § 1-304.

6

50.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

      a.    The individual class members are not aware that they have been wronged and are thus unable to prosecute individual actions;

      b.    A failure of justice will result from the absence of a class action;

      c.    Concentration of the litigation concerning this matter in this Court is desirable;

      d.    Class treatment is highly efficient given the use of common forms and procedures;

      e.    The amounts at issue for individual class members are not substantial enough to make individual actions economic;

      f.    The class is of moderate size and no difficulties are likely to be encountered in the management of a class action.

## VI.  CAUSES OF ACTION

51.    For all counts that follow, the Plaintiffs hereby reallege and incorporate by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

### CLASS ACTION CAUSES OF ACTION

### COUNT I
### Violation of the Massachusetts Commercial Code
### (Against Santander Only)

52.    Article 9 of the Massachusetts Commercial Code, M. G. L. c. 106 § 9-101 *et seq.,* imposes duties on lenders who receive or retain security interests in personal property and conduct private repossessions of that property without first obtaining writ of replevin or other appropriate court order.

53.    By entering into loan agreements, Santander engaged in "consumer-goods transaction[s]" for purposes of M. G. L. c. 106 § 9-102(24).

7

54.     After repossessing the Plaintiffs' vehicles and before selling them, Santander had the duty to comply with the notice provisions of M. G. L. c. 106 § 9-614.

55.     Pursuant to M. G. L. c. 106 § 9-614(1), in a consumer-goods transaction, a post-repossession, pre-sale notification must provide the following information:

    a.  The information specified in Section 9-613(1);

    b.  A description of any liability for a deficiency of the person to which the notification is sent;

    c.  A telephone number from which the amount that must be paid to the secured party to redeem the collateral under Section 9-623 is available;

    d.  A telephone number or mailing address from which additional information concerning the disposition and the obligation secured is available.

56.     Section 9-614 incorporates a list of information in Section 9-613(1), which states that a notice must:

    e.  Describe the debtor and the secured party;

    f.  Describe the collateral that is the subject of the intended disposition;

    g.  State the method of intended disposition;

    h.  State that the debtor is entitled to an accounting of the unpaid indebtedness and state the charge, if any, for an accounting; and

    i.  State the time and place of a public disposition or the time after which any other disposition is to be made.

57.     Santander failed to comply with Article 9 by incorrectly describing class members' potential liability for a deficiency, giving rise to a claim for minimum and statutory damages as provided by the statute.

8

57. M.G.L. c. 106 § 9-625(c)(2) states that any violation of Article 9 gives rise to a claim for damages in an amount not less than the credit service charge plus 10 percent of the principal amount of the obligation.

B. INDIVIDUAL CAUSES OF ACTION

**COUNT I**
**Violation of the Massachusetts Commercial Code**
**Breach of Peace**
**(On Behalf of the Plaintiff only)**

58. In violation of M.G.L. c. 106, § 9-609(b)(2) the Defendants breached the peace in the course of repossession of the vehicle, by among other things, entering the property owned by the Plaintiff without contemporaneous consent and failing to cease their repossession attempt when confronted by the Plaintiff's objections.

60. The Defendants had a non-delegable duty not to breach the peace in the course of the repossession.

61. The Defendants' violations of the Massachusetts Commercial Code caused the Plaintiff damages.

62. Pursuant to M.G.L. c. 106, § 9-625, the Plaintiff requests that the Court award her actual damages and an amount not less than the credit service charge plus 10 percent of the principal amount of the obligation or the time price differential plus 10 percent of the cash price, and the costs of this action.

WHEREFORE, the Plaintiff prays that the Court:

1. Certify this case as a class action pursuant to Mass. R. Civ. P. 23;

2. Appoint the Plaintiff as class representative of the class defined in this complaint;

3. Enter judgment against Santander for minimum and statutory damages pursuant to Article 9 of the Massachusetts Commercial Code on behalf of the Plaintiffs and class members;

4. Bar and declare unenforceable any deficiency loan balances owed by class members to Santander for its violations of Article 9 of the Massachusetts Commercial Code;

5. Enter judgment against the Defendants pursuant to M.G.L. c. 106, §9-625, for Ms. Piazza's her actual damages and an amount not less than the credit service charge plus 10 percent of the principal amount of the obligation or the time-price differential plus 10 percent of the cash price, and the costs of this action; and

6. Grant such other relief as the Court deems just.

Respectfully submitted,

LISA PIAZZA, JOSEPH BORDEN, and
RICHARD YUNKER,
By their attorneys,

Raven Moeslinger (BBO# 687956)
Nicholas F. Ortiz (BBO# 655135)
Stephanie C. Ozahowski (BBO# 699258)
Law Office of Nicholas F. Ortiz, P.C.
99 High Street, Suite 304
Boston, MA 02110
(617) 338-9400
sco@mass-legal.com
rm@mass-legal.com

Dated: June 11, 2019

# Exhibit A



Santander Consumer USA Inc.
P.O. Box 961245
Fort Worth, TX 76161-1245
(888) 222-4227

## NOTICE OF OUR PLAN TO SELL PROPERTY

Date: 01/07/2019

Lisa Piazza
48 FRANCIS WYMAN RD
BURLINGTON, MA 01803-2252

Re:   Account No. 30000205496901000
      Retail Installment Sale or Credit Sale Contract or Note and Security Agreement dated 07/11/2017
      2015 // TOYOTA // SIENNA // VIN 5TDDK3DC6FS109344

Dear Lisa Piazza:

We have your Vehicle because you broke promises in our Agreement. We took possession of the vehicle on
01/08/2019.  We intend to dispose of the Vehicle as explained in this Notice subject to your right to get the
Vehicle back (redeem) as described below.

### Notice of Intent to Resell the Vehicle

We will sell the Vehicle at a private sale sometime after 01/31/2019. A sale could include a lease or license.

The money that we get from the sale (after paying our costs) will reduce the amount you owe.  If the net
proceeds at the sale, after expenses, does not equal your unpaid balance, and if the total unpaid balance
exceeds $2,000, you may owe us the difference, subject to applicable law (including Mass. Gen. Laws ch.
255B § 20B).  If we get more money than you owe, you will get the extra money, unless we are required to
pay it to someone else.

### Notice of Right of Redemption

You can get the Vehicle back (redeem) at any time before we sell it or enter into a contract for its sale, which
date will not be less than twenty (20) days from 01/08/2019, the date we repossessed the Vehicle. To redeem
the Vehicle, you must pay us the full amount you owe (not just the past due payments), including our
permitted expenses. The amount you must pay to redeem the Vehicle, as of the date of this notice, is
itemized below.

| | |
|---|---|
| Amount Owed on the Agreement: | $32,161.48 |
| Accrued Interest: | $978.36 |
| Estimated credit for unearned finance charges: | $0.00 |
| Estimated credit for: _____ | $0.00 |
| [describe] | |
| Late Fees: | $15.00 |
| Dishonored Check Fees: | $0.00 |
| Repossession Fees: | $385.00 |
| Storage Fees: (through the date of this notice) | $0.00 |
| | -------------------- |
| Total Amount Due: * | $33,539.84 |

\* The Total Amount Now Due and Total Outstanding Due amounts may change based on charges that are
incurred following the date of this letter or credits that are received and applied to the amount due. Please
call on the date of redemption to find out the exact amount.



P.O. Box 961245, Fort Worth, TX 76161 • www.SantanderConsumerUSA.com • 888.222.4227
©2017 Santander Consumer USA Inc. All rights reserved.
Page 1 of 2                                                       2340348292

MA-NOI-409 032317
(Rev. 032317)

You must also pay an additional $25.00 per day for storage fees, for each day <u>after</u> the date of this notice up to and including the date on which you redeem the Vehicle. To find out the exact amount you must pay to redeem the Vehicle, call us at (888) 222-4227.  Payment must be made to Santander Consumer USA Inc., 5201 Rufe Snow Dr., Ste 400, N Richland Hills, TX 76180-6036.

You may also be entitled to a credit for canceled insurance premiums, in which case the Total Amount Due would be lower than that set forth above.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at (888) 222-4227 or write us at P.O. Box 961245, Fort Worth, TX 76161-1245 and request a written explanation.  Our Customer Service Business Hours are as follows:  Monday through Friday 7am-7pm CT.

If you need more information about the sale call us at (888) 222-4227 or write us at the address set forth above.

We are sending this notice to the following other people who have an interest in the Vehicle, or who owe money under your Agreement:  N/A.


Sincerely,


Santander Consumer USA Inc.


**NOTICE:  If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.**

**SANTANDER CONSUMER USA INC. IS A DEBT COLLECTOR UNLESS THE NOTICE ABOVE APPLIES TO YOU. THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

 Santander Consumer USA Inc. can report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.



Santander Consumer USA Inc.
P.O. Box 961245
Fort Worth, TX 76161-1245
(888) 222-4227

### NOTICE OF OUR PLAN TO SELL PROPERTY

Date: 01/14/2019

JOSEPH M BORDEN
64 LINDEN ST
TAUNTON, MA 02780-3621

Re:   Account No. 30000215695081000
      Retail Installment Sale or Credit Sale Contract or Note and Security Agreement dated 07/07/2018
      2018 // HYUNDAI // ELANTRA // VIN 5NPD74LF4JH349879

Dear JOSEPH M BORDEN:

We have your Vehicle because you broke promises in our Agreement. We took possession of the vehicle on 01/14/2019.  We intend to dispose of the Vehicle as explained in this Notice subject to your right to get the Vehicle back (redeem) as described below.

### Notice of Intent to Resell the Vehicle

We will sell the Vehicle at a private sale sometime after 02/07/2019. A sale could include a lease or license.

The money that we get from the sale (after paying our costs) will reduce the amount you owe.  If the net proceeds at the sale, after expenses, does not equal your unpaid balance, and if the total unpaid balance exceeds $2,000, you may owe us the difference, subject to applicable law (including Mass. Gen. Laws ch. 255B § 20B).  If we get more money than you owe, you will get the extra money, unless we are required to pay it to someone else.

### Notice of Right of Redemption

You can get the Vehicle back (redeem) at any time before we sell it or enter into a contract for its sale, which date will not be less than twenty (20) days from 01/14/2019, the date we repossessed the Vehicle. To redeem the Vehicle, you must pay us the full amount you owe (not just the past due payments), including our permitted expenses. The amount you must pay to redeem the Vehicle, as of the date of this notice, is itemized below.

| | |
|---|---|
| Amount Owed on the Agreement: | $17,082.33 |
| Accrued Interest: | $551.75 |
| Estimated credit for unearned finance charges: | $0.00 |
| Estimated credit for: _____ | $0.00 |
| [describe] | |
| Late Fees: | $15.00 |
| Dishonored Check Fees: | $0.00 |
| Repossession Fees: | $405.00 |
| Storage Fees: (through the date of this notice) | $25.00 |
| | ---------------------- |
| Total Amount Due: * | $18,079.08 |

* The Total Amount Now Due and Total Outstanding Due amounts may change based on charges that are incurred following the date of this letter or credits that are received and applied to the amount due. Please call on the date of redemption to find out the exact amount.



You must also pay an additional $25.00 per day for storage fees, for each day _after_ the date of this notice up to and including the date on which you redeem the Vehicle. To find out the exact amount you must pay to redeem the Vehicle, call us at (888) 222-4227. Payment must be made to Santander Consumer USA Inc., 5201 Rufe Snow Dr., Ste 400, N Richland Hills, TX 76180-6036.

You may also be entitled to a credit for canceled insurance premiums, in which case the Total Amount Due would be lower than that set forth above.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at (888) 222-4227 or write us at P.O. Box 961245, Fort Worth, TX 76161-1245 and request a written explanation. Our Customer Service Business Hours are as follows: Monday through Friday 7am-7pm CT.

If you need more information about the sale call us at (888) 222-4227 or write us at the address set forth above.

We are sending this notice to the following other people who have an interest in the Vehicle, or who owe money under your Agreement:  N/A.

Sincerely,

Santander Consumer USA Inc.

NOTICE:  If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.

SANTANDER CONSUMER USA INC. IS A DEBT COLLECTOR UNLESS THE NOTICE ABOVE APPLIES TO YOU. THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

 Santander Consumer USA Inc. can report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.



<div align="right">

Chrysler Capital
P.O. Box 961275
Fort Worth, TX 76161-1275
(855) 563-5635

</div>

## NOTICE OF OUR PLAN TO SELL PROPERTY

Date: 12/17/2018

RICHARD  YUNKER
190 NORFOLK AVE
SWAMPSCOTT, MA 01907-1860

Julia Yunker
190 NORFOLK AVE
SWAMPSCOTT, MA 01907

Re:      Account No. 30000215625221000
         Retail Installment Sale or Credit Sale Contract or Note and Security Agreement dated 07/08/2018
         2018 // DODGE TR // DURANGO // VIN 1C4RDJAG9JC218340

Dear RICHARD  YUNKER:

We have your Vehicle because you broke promises in our Agreement. We took possession of the vehicle on 12/17/2018.  We intend to dispose of the Vehicle as explained in this Notice subject to your right to get the Vehicle back as described below.

### Notice of Intent to Resell the Vehicle

We will sell the Vehicle at a private sale sometime after 01/10/2019. A sale could include a lease or license.

The money that we get from the sale (after paying our costs) will reduce the amount you owe.  If the net proceeds at the sale, after expenses, does not equal your unpaid balance, and if the total unpaid balance exceeds $2,000, you may owe us the difference, subject to applicable law (including Mass. Gen. Laws ch. 255B § 20B).  If we get more money than you owe, you will get the extra money, unless we are required to pay it to someone else.

### Notice of Right of Redemption

You can get the Vehicle back (redeem) at any time before we sell it or enter into a contract for its sale, which date will not be less than twenty (20) days from 12/17/2018, the date we repossessed the Vehicle. To redeem the Vehicle, you must pay us the full amount you owe (not just the past due payments), including our permitted expenses. The amount you must pay to redeem the Vehicle, as of the date of this notice, is itemized below.

| | |
|---|---|
| Amount Owed on the Agreement: | $34,724.30 |
| Accrued Interest: | $1,666.91 |
| Estimated credit for unearned finance charges: | $0.00 |
| Estimated credit for: _____ | $0.00 |
| _____[describe] | |
| Late Fees: | $15.00 |
| Dishonored Check Fees: | $0.00 |
| Repossession Fees: | $385.00 |
| Storage Fees: (through the date of this notice) | $25.00 |
| Total Amount Due: * | $36,816.21 |

* The Total Amount Now Due and Total Outstanding Due amounts may change based on charges that are incurred following the date of this letter or credits that are received and applied to the amount due. Please call on the date of redemption to find out the exact amount.



P.O. Box 961275, Fort Worth, TX 76161-1275 • www.ChryslerCapital.com • 855.563.5635
©2017 Chrysler Capital. Chrysler Capital is a registered trademark of FCA US LLC and licensed to Santander Consumer USA Inc.
MA- NOI-409_27999_032317
Page 1 of 2

2339725010

(Rev. 032317)

You must also pay an additional $25.00 per day for storage fees, for each day <u>after</u> the date of this notice up to and including the date on which you redeem the Vehicle. To find out the exact amount you must pay to redeem the Vehicle, call us at (855) 563-5635. Payment must be made to Chrysler Capital, 5201 Rufe Snow Dr., Ste 400, N Richland Hills, TX 76180-6036.

You may also be entitled to a credit for canceled insurance premiums, in which case the Total Amount Due would be lower than that set forth above.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at (855) 563-5635 or write us at P.O. Box 961275, Fort Worth, TX 76161-1275 and request a written explanation. Our Customer Service Business Hours are as follows: Monday through Friday 7am-7pm CT.

If you need more information about the sale call us at (855) 563-5635 or write us at the address set forth above.

We are sending this notice to the following other people who have an interest in the Vehicle, or who owe money under your Agreement: Julia Yunker.

Sincerely,

Chrysler Capital



NOTICE: If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.

CHRYSLER CAPITAL IS A DEBT COLLECTOR UNLESS THE NOTICE ABOVE APPLIES TO YOU. THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Chrysler Capital can report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.
P.O. Box 961275, Fort Worth, TX 76161-1275 • www.ChryslerCapital.com • 855.563.5635
©2017 Chrysler Capital. Chrysler Capital is a registered trademark of FCA US LLC and licensed to Santander Consumer USA Inc.
MA- NOI-409_27999_032317
Page 2 of 2

2339725010

(Rev. 032317)

Chrysler Capital
P.O. Box 9105
Temecula, CA 92589-9105

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

2339725010

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Payments to:
Chrysler Capital
P.O. Box 660335
Dallas, TX 75266-0335

Send Correspondence to:
Chrysler Capital
P.O. Box 961275
Fort Worth, TX 76161-1275

20181218-176

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
RICHARD  YUNKER
190 NORFOLK AVE
SWAMPSCOTT, MA 01907-1860

