UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

|  |  |
|---|---|
| LISA PIAZZA, JOSEPH BORDEN, and RICHARD YUNKER, | ) ) ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| SANTANDER CONSUMER USA INC., and JMAC DISTRIBUTION LLC, | ) ) |
|  | ) |
| Defendants. | ) |

C.A. No. 1:19-CV-11697-ADB

_____

## FIRST AMENDED CLASS ACTION COMPLAINT

## I.  **INTRODUCTION**

This is an action brought on behalf of Lisa Piazza, Joseph Borden, and Richard Yunker, (collectively, the "Plaintiffs"), and a putative class of Massachusetts consumers similarly injured by the unlawful debt collection and car repossession practices of the Defendant, Santander Consumer USA Inc. ("Santander"). After repossessing and selling the Plaintiffs' and other class members' vehicles, Santander sent them substantially-identical, unlawful post-repossession notices.  Santander's unlawful actions caused the consumer recipients of these form notices statutory and other damages.

Additionally, Plaintiff Lisa Piazza brings an individual action against Defendants Santander and JMAC Distribution LLC (JMAC) (collectively, the "Defendants"), for breaching the peace during the course of the repossession of her vehicle in violation of state law.

## II.  **PARTIES**

1.      Plaintiff Lisa Piazza resides in Burlington, Massachusetts.

2.      Plaintiff Joseph Borden resides in Brockton, Massachusetts.

1

3.      Plaintiff Richard Yunker resides in Swampscott, Massachusetts.

4.      Defendant Santander Consumer USA Inc. ("Santander") is a savings bank and credit lender with a usual place of business located at 1601 Elm Street, Suite 800, Dallas, Texas, 75201.

5.      Defendant JMAC Distribution, LLC is a domestic corporation with a principal office located at 131 Crawford Street, Fitchburg, Massachusetts, 01420.

## III.    JURISDICTION AND VENUE

6.      Jurisdiction and venue is proper in this Court as the Defendants are corporations subject to suit under M.G.L. c. 223 §§ 1, 8 and Plaintiff Joseph Borden resides in Middlesex County.

## IV.    STATEMENT OF FACTS

**Facts Related to Lisa Piazza**

7.      Santander is a credit lender that enters into many types of consumer loans, including auto loans and credit sales in Massachusetts.

8.      On or around July 11, 2017, Ms. Piazza entered into a loan agreement with Santander for the purchase of a 2015 Toyota Sienna automobile.

9.      The loan agreement included an amount financed of $32,250.56 and finance charge of $22,140.64.

10.     The debt was incurred by Ms. Piazza for primarily personal, family, or household purposes.

11.     The purchase of the vehicle was a consumer-goods transaction, as defined in M.G.L. c. 106, § 9-102(24).

12.    Upon alleged default, Santander chose to pursue non-judicial process to repossess the vehicle.

13.    Santander engaged JMAC to repossess Ms. Piazza's vehicle.

14.    Neither Santander nor JMAC obtained a judicial order to repossess the vehicle.

15.    On January 7, 2019, at approximately 7:15PM, a JMAC repossession agent (the "Agent") arrived at Ms. Piazza's home.

16.    The Agent did not ask Ms. Piazza permission before entering her property to attach her vehicle, which was in her private driveway, to his tow truck.

17.    The Agent then approached Ms. Piazza's front door and shined a flashlight into her home, before knocking loudly. Ms. Piazza, who was pregnant at the time, was home alone with her three children.

18.    The Agent demanded that Ms. Piazza give him the keys to her vehicle.

19.    Ms. Piazza refused, telling the Agent he may not take the vehicle and demanded that the Agent leave her private property.

20.    The Agent refused to leave and again demanded the keys. Ms. Piazza then called her husband, Mr. Piazza, and handed the agent the phone. Mr. Piazza then also demanded the Agent leave and informed him that he was trespassing.

21.    The Agent again refused to leave, demanded the keys to the vehicle, and threatened increased tow costs if Ms. Piazza refused to hand over the keys.

22.    Mr. Piazza then threatened to call the police, and your Agent informed Mr. Piazza and Ms. Piazza that the police were aware of the repossession, suggesting that he was operating under color of law.

23.     Feeling as though she had no other choice, Ms. Piazza turned over the keys and the Agent completed the unlawful repossession.

24.     As a result of the Defendants' unlawful actions, Ms. Piazza suffered damages.

**Facts Related to Joseph Borden**

25.     On or around July 7, 2017, Mr. Borden entered into a loan agreement with Santander for the purchase of a 2018 Hyundai Elantra automobile.

26.     The loan agreement included an amount financed of $17,089.97 and finance charge of $10,537.87.

27.     The debt was incurred by Mr. Borden for primarily personal, family, or household purposes.

28.     The purchase of the vehicle was a consumer-goods transaction, as defined in M.G.L. c. 106, § 9-102(24).

29.     Upon alleged default, Santander chose to pursue non-judicial process to repossess the vehicle.

30.     On January 14, 2019, Santander repossessed the vehicle.

**Facts Related to Richard Yunker**

31.     In July 2018, Plaintiff Richard Yunker took a loan from Santander for the purchase of a 2018 Dodge Durango automobile.

32.     The loan agreement included an amount financed of $34,724.30 and finance charge of $21,575.95.

33.     This debt was incurred by Mr. Yunker for primarily personal, family, or household purposes.

34.    The purchase of the vehicle was a consumer-goods transaction, as defined in M.G.L. c. 106, § 9-102(24).

35.    Upon alleged default, Santander chose to pursue non-judicial process to repossess the vehicle.

36.    On or about December 17, 2018, Santander repossessed the vehicle.

**Facts Related to the Pre-Sale Notices**

37.    Following the repossession of their vehicles, Santander sent each of the Plaintiffs and putative class members a notice advising them of the repossession of their vehicles, and of its intent to sell their vehicles. *See* Exhibit A, Pre-Sale Notices.

38.    Each Pre-Sale Notice states, "We will sell the Vehicle at a private sale sometime after…." On each notice, these words are followed by a date for the private sale chosen by Santander based the date of its repossession of the vehicle. *See* Exhibit A, Pre-Sale Notices, ⁋ 2.

39.    Each Pre-Sale Notice states, "The money that we get from the sale (after paying our costs) will reduce the amount you owe. If the net proceeds at sale, after expenses, does not equal you unpaid balance, and if the total unpaid balance exceeds $2,000, you may owe us the difference." *See* Exhibit A, Pre-Sale Notices, ⁋ 3.

40.    Massachusetts law, however, requires that consumers be given express notice that the fair market value of the vehicle, not the sale price, will be deducted from the amount they would owe on their loans after the sale of their vehicle.  M.G.L. c. 255B, § 20B.

41.    On information and belief, Santander sent form notices to at least 40 other Massachusetts consumers that were identical and/or substantially similar to the Pre-Sale Notices attached as Exhibit A and which also failed to comply with Massachusetts law, in the four years preceding the date of the filing of this Complaint.

5

**Facts Related to the Post-Sale Notices**

42.    After repossessing each of the Plaintiffs' vehicles, Santander sold them at a private sale.

43.    After the sales, Santander sent each of the Plaintiffs and putative class members a form letter advising them of the sale of their vehicles. *See* Exhibit B, Post-Sale Notices.

44.    The Post-Sale Notices itemize and then demand of each Plaintiff and putative class member a loan deficiency based on the difference between their loan balance and the proceeds of a private sale, instead of the legally-mandated fair market value of the vehicles.

45.    On information and belief, Santander sent form notices to at least 40 other Massachusetts consumers that were identical and/or substantially similar to the Post-Sale Notices attached as Exhibit B and which also failed to comply with Massachusetts law, in the four years preceding the date of the filing of this Complaint.

46.    Santander failed to credit the Plaintiff and other similarly-situated putative class members with the fair market values of their vehicles and, as noted in both the Pre-Sale and the Post-Sale Notices (line 5), only credited them with the private sale proceeds.

47.    Santander sought to recover loan deficiencies from Plaintiffs and other consumers that were calculated based on the difference between the private sales proceeds of the consumers' vehicles and their loan balances rather than the fair market of consumers' vehicles and their loan balances.

## V.    CLASS ALLEGATIONS

48.    The Plaintiffs bring this action on behalf of two classes of all other Santander customers so similarly situated.

49.     The Pre-Sale Notice Class consists of all persons to whom Santander sent a notice identical and/or substantially similar to the Pre-Sale Notices attached as Exhibit A at any time during the four years prior to the commencement of this action through the date of judgment.

50.     The Post-Sale Notice Class consists of all persons to whom Santander sent a notice identical and/or substantially similar to the Post-Sale Notices attached as Exhibit B at any time during the four years prior to the commencement of this action through the date of judgment.

51.     The classes are sufficiently numerous that joinder of all members is impracticable.

52.     On information and belief, the Pre-Sale Notice Class encompasses at least 40 customers.

53.     On information and belief, the Post-Sale Notice Class encompasses at least 40 customers.

54.     There are questions of law and fact which are common to all members of the class.  These questions predominate over any question affecting only individual class members. The gravamen of this complaint is based on the form notices which were sent to all potential class members.

55.     The Plaintiffs' claims are typical of the claims of members of the class as all claims are based on the same factual and legal theories.

56.     The Plaintiffs will fairly and adequately represent the interests of class members. The Plaintiffs have no conflict with any members of the class and are capable and willing to serve as a class representative.  Plaintiffs have retained counsel competent and experienced in class action litigation.

57.     Certification of this class pursuant to Fed. R. Civ. P. 23 is appropriate. Common questions of law and fact predominate over individual questions. Among the questions of law and fact common to the Plaintiffs and the class are:

    a.     Whether Santander failed to provide consumers with the rights and disclosures mandated by the Massachusetts Uniform Commercial Code;

    b.     Whether Santander failed to provide the description of consumers' liability for a deficiency, violating UCC § 9-614;

    c.     Whether Santander failed to provide an accurate explanation of consumers' loan deficiencies, violating UCC, § 9-616; and

    d.     Whether Santander breached its duty of good faith in violation of M.G.L. c. 106 § 1-304.

58.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

    a.     The individual class members are not aware that they have been wronged and are thus unable to prosecute individual actions;

    b.     A failure of justice will result from the absence of a class action;

    c.     Concentration of the litigation concerning this matter in this Court is desirable;

    d.     Class treatment is highly efficient given the use of common forms and procedures;

    e.     The amounts at issue for individual class members are not substantial enough to make individual actions economic;

    f.     The class is of moderate size and no difficulties are likely to be encountered in the management of a class action.

## VI.  <u>CAUSES OF ACTION</u>

59.     For all counts that follow, the Plaintiffs hereby reallege and incorporate by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

## CLASS ACTION CAUSES OF ACTION

### COUNT I
**Violation of the Massachusetts Commercial Code, M.G.L. c. 106, § 9-614**
**(Pre-Sale Notice Class)**
**(Against Santander Only)**

60.     Article 9 of the Massachusetts Commercial Code, M. G. L. c. 106 § 9-101 *et seq.,* imposes duties on lenders who receive or retain security interests in personal property and conduct private repossessions of that property without first obtaining writ of replevin or other appropriate court order.

61.     By entering into loan agreements, Santander engaged in "consumer-goods transaction[s]" for purposes of M. G. L. c. 106 § 9-102(24).

62.     After repossessing the Plaintiffs' vehicles and before selling them, Santander had the duty to comply with the notice provisions of M. G. L. c. 106 § 9-614.

63.     Pursuant to M.G.L. c. 106 § 9-614(1), in a consumer-goods transaction, a post-repossession, pre-sale notification must provide the following information:

    a.  The information specified in Section 9-613(1);

    b.  A description of any liability for a deficiency of the person to which the notification is sent;

    c.  A telephone number from which the amount that must be paid to the secured party to redeem the collateral under Section 9-623 is available;

    d.  A telephone number or mailing address from which additional information concerning the disposition and the obligation secured is available.

64.     Section 9-614 incorporates a list of information in Section 9-613(1), which states that a notice must:

    e.  Describe the debtor and the secured party;

    f.   Describe the collateral that is the subject of the intended disposition;

    g.   State the method of intended disposition;

    h.   State that the debtor is entitled to an accounting of the unpaid indebtedness and state the charge, if any, for an accounting; and

    i.   State the time and place of a public disposition or the time after which any other disposition is to be made.

65.    Santander failed to comply with Article 9 by inaccurately and insufficiently describing class members' potential liability for a deficiency, giving rise to a claim for minimum and statutory damages as provided by the statute.

66.    M.G.L. c. 106 § 9-625(b) states that any violation of Article 9 gives rise to a claim for damages, plus minimum statutory damages of the credit service charge plus 10 percent of the principal amount of the obligation as proscribed by M.G.L. c. 106 § 9-625(c)(1).

## COUNT II
### Violation of the Massachusetts Commercial Code, M.G.L. c. 106, § 9-616
### (Post-Sale Notice Class)
### (Against Santander Only)

67.    Plaintiffs incurred the debts and used the vehicles described herein primarily for personal, family, or household purposes, making the purchases consumer-goods transactions as defined by M.G.L. c. 106, §9-102(24).

68.    After selling the Plaintiffs' vehicles and before selling them, Santander had a duty to comply with the notice provisions of M.G.L. c. 106, § 9-616(b) by "send[ing] an explanation to the debtor or consumer obligor, as applicable, after the disposition."

69.    An "[e]xplanation" means, in relevant part, a writing that:

    a.   States the amount of the surplus or deficiency; and

    b.   Provides an explanation in accordance with M.G.L. c. 106, § 9-616(c).

70.    Pursuant to M.G.L. c. 106, § 9-616(c), in a consumer-goods transaction, an explanation of the debtor's deficiency must provide the following information in the following order:

 c.    The aggregate amount of obligations secured by the security interest under which the disposition was made;

 d.    The amount of proceeds of the disposition;

 e.    The aggregate amount of the obligations after deducting the amount of proceeds;

 f.    The amount of expenses and fees incurred by the secured party connected to the repossession and disposition of the collateral;

 g.    The amount of any credits or rebates to which the debtor is entitled; and

 h.    The amount of the surplus or deficiency.

71.    Santander failed to comply with M.G.L. c. 106, § 9-616(b)(1) by incorrectly and unreasonably describing class members' loan deficiencies by, among other things, failing to include class members' credits to which they were entitled, which is required by M.G.L. c. 106, §§ 9-616(c), 9-616(c)(5), § 9-616(a)(1)(B), and in turn, 9-616(b)(1).

72.

73.    Santander's failure to comply with M.G.L. c. 106, § 9-616(b)(1) caused class members losses including, on information and belief, damage to their creditworthiness and monetary losses.

74.    Santander's failure to comply with M.G.L. c. 106, § 9-616(b)(1) was systematic and part of a pattern and consistent practice of noncompliance, evidenced in part by its use of form notices that failed to comply with the statute.

75.    M.G.L. c. 106, § 9-625(e)(5) provides for additional statutory damages in the amount of $500 for failure to comply with Section 9-616(b)(1) when the failure is part of a pattern, or consistent with a practice of, noncompliance.

## COUNT III
### Preliminary and Permanent Injunctions
### (Against Santander Only)

76.    Santander's Pre-Sale and Post-Sale Notices violate the UCC and their continued use harms class members by failing to accurately describe their rights and obligations.

77.    Through use of its improperly-calculated Post-Sale Notices, Santander demands of Post-Sale Notice Class Members deficiency amounts that differ from the actual amounts they owe. Unless the Court enters an order enjoining their enforcement, Santander is likely to collect some or all of these improperly-calculated amounts now that the Post-Sale Notices are in the possession of class members, as class members may tender payment on debts in amounts that they do not owe and/or be subjected to liability in pending actions based on these illegally-calculated loan deficiencies. The Plaintiffs seek an order of the Court enjoining and restraining the collection of debts based on these unlawful demands.

## COUNT IV
### Declaratory Judgment
### (Against Santander Only)

78.    Santander violated the RISA and/or UCC with respect to Plaintiffs and Post-Sale Notice Class Members by overstating the amount of class members' loan deficiencies and seeking to collect deficiencies from class members that are calculated based on the difference between the proceeds from selling class members' vehicles and their outstanding loan balance, rather than the difference between the fair market value of class members' vehicles and their loan balances.

79.      Pursuant to M.G.L. c. 231A, § 1, Plaintiffs and class members seek a declaration that

Santander's conduct violates the law and that Santander is barred from collecting all deficiencies

from class members due to said violations or, in the alternative, that  class members are entitled

to a recalculation of deficiency balances due  Santander based upon the difference between the

fair market value of the repossessed vehicle and the class member's loan balance at the time of

the sale pursuant to c. 255B, § 20B(e)(1).

## COUNT V
**Violation of the Massachusetts Consumer Protection Law, M.G.L. c. 93A, § 9**
**(For Notice Purposes Only)**

80.      Plaintiffs intend to assert a claim against Santander under M.G.L. c. 93A, the

Massachusetts Consumer Protection Act, which makes it unlawful to engage in any "[u]nfair

methods of competition or deceptive acts or practices in the conduct of any trade or commerce."

M.G.L. c. 93A, § 2(1).  Upon completion of further discovery related to this claim, Plaintiffs will

make a demand on Defendant in satisfaction of M.G.L. c. 93A, § 9(3), and will seek to amend

this Complaint to assert claims under Chapter 93A once the required 30 days have elapsed. This

paragraph is included for purposes of notice only and is not intended to assert claims under

Chapter 93A

## INDIVIDUAL CAUSES OF ACTION

## COUNT VI
**Violation of the Massachusetts Commercial Code**
**Breach of Peace**
**(On Behalf of Ms. Piazza only)**

81.      In violation of M.G.L. c. 106, § 9-609, the Defendants breached the peace in the course

of repossession of the vehicle, by among other things, entering the property owned by the

Plaintiff without contemporaneous consent and failing to cease their repossession attempt when

confronted by the Plaintiff's objections.

82.    The Defendants had a non-delegable duty not to breach the peace in the course of the repossession.

83.    The Defendants' violations of the Massachusetts Commercial Code caused the Plaintiff damages.

84.    Pursuant to M.G.L. c. 106, § 9-625, the Plaintiff requests that the Court award her actual damages and an amount not less than the credit service charge plus 10 percent of the principal amount of the obligation or the time-price differential plus 10 percent of the cash price, and the costs of this action.

WHEREFORE, the Plaintiffs pray that the Court:

1.    Certify this case as a class action pursuant to Fed. R. Civ. P. 23;

2.    Appoint Plaintiffs Lisa Piazza and Richard Yunker as class representatives and the undersigned as class counsel;

3.    Enter judgment against Santander for minimum and statutory damages pursuant to Article 9 of the Massachusetts Commercial Code on behalf of the Plaintiffs and Pre-Sale Notice Class;

4.    Enter judgment against Santander for actual losses pursuant to UCC, § 9-625(b) and statutory damages of $500 pursuant to UCC § 9- 625(e)(5) for each Plaintiff and each Post-Sale Class member;

5.    Declare that Santander's conduct violates law and that Santander is barred from collecting deficiencies from Plaintiffs and class members due to said violations or, in the alternative, that  class members are entitled to a recalculation of deficiency balances due  Santander based upon the difference between the fair market value of their repossessed vehicle and the amount of the class member's loan balance at the time of the sale of the vehicle pursuant to c. 255B, § 20B(e)(1);

6.    Preliminarily and permanently enjoin Santander from engaging in the practices challenged herein, including collecting on the putative loan deficiencies set forth in the Post-Sale Notices;

7.    Bar and declare unenforceable any deficiency loan balances owed by all class members to Santander for its violations of the RISA, Article 9 of the Massachusetts Commercial Code and other law;

8. Enter judgment against the Defendants pursuant to M.G.L. c. 106, §9-625, for Ms. Piazza's her actual damages and an amount not less than the credit service charge plus 10 percent of the principal amount of the obligation or the time-price differential plus 10 percent of the cash price, and the costs of this action; and

9. Grant such other relief as the Court deems just.

Respectfully submitted,

LISA PIAZZA, JOSEPH BORDEN, and
RICHARD YUNKER,
By their attorneys,

*/s/ Raven Moeslinger*
_____
Raven Moeslinger (BBO# 687956)
Nicholas F. Ortiz (BBO# 655135)
Law Office of Nicholas F. Ortiz, P.C.
50 Congress Street, Suite 540
Boston, MA 02109
(617) 338-9400
rm@mass-legal.com
nfo@mass-legal.com

Dated: July 21, 2020

# EXHIBIT A



Santander Consumer USA Inc.
P.O. Box 961245
Fort Worth, TX 76161-1245
(888) 222-4227

## NOTICE OF OUR PLAN TO SELL PROPERTY

Date: 01/07/2019

Lisa Piazza
48 FRANCIS WYMAN RD
BURLINGTON, MA 01803-2252

Re:   Account No.
      Retail Installment Sale or Credit Sale Contract or Note and Security Agreement dated 07/11/2017
      2015 // TOYOTA // SIENNA // VIN

Dear Lisa Piazza:

We have your Vehicle because you broke promises in our Agreement. We took possession of the vehicle on 01/08/2019. We intend to dispose of the Vehicle as explained in this Notice subject to your right to get the Vehicle back (redeem) as described below.

### Notice of Intent to Resell the Vehicle

We will sell the Vehicle at a private sale sometime after 01/31/2019. A sale could include a lease or license.

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If the net proceeds at the sale, after expenses, does not equal your unpaid balance, and if the total unpaid balance exceeds $2,000, you may owe us the difference, subject to applicable law (including Mass. Gen. Laws ch. 255B § 20B). If we get more money than you owe, you will get the extra money, unless we are required to pay it to someone else.

### Notice of Right of Redemption

You can get the Vehicle back (redeem) at any time before we sell it or enter into a contract for its sale, which date will not be less than twenty (20) days from 01/08/2019, the date we repossessed the Vehicle. To redeem the Vehicle, you must pay us the full amount you owe (not just the past due payments), including our permitted expenses. The amount you must pay to redeem the Vehicle, as of the date of this notice, is itemized below.

| | |
|---|---:|
| Amount Owed on the Agreement: | $32,161.48 |
| Accrued Interest: | $978.36 |
| Estimated credit for unearned finance charges: | $0.00 |
| Estimated credit for: _____ | $0.00 |
| [describe] | |
| Late Fees: | $15.00 |
| Dishonored Check Fees: | $0.00 |
| Repossession Fees: | $385.00 |
| Storage Fees: (through the date of this notice) | $0.00 |
| | -------------------- |
| Total Amount Due: * | **$33,539.84** |

* The Total Amount Now Due and Total Outstanding Due amounts may change based on charges that are incurred following the date of this letter or credits that are received and applied to the amount due. Please call on the date of redemption to find out the exact amount.



P.O. Box 961245, Fort Worth, TX 76161 • www.SantanderConsumerUSA.com • 888.222.4227
©2017 Santander Consumer USA Inc. All rights reserved.
Page 1 of 2                                    234034829Z

You must also pay an additional $25.00 per day for storage fees, for each day <u>after</u> the date of this notice up to and including the date on which you redeem the Vehicle. To find out the exact amount you must pay to redeem the Vehicle, call us at (888) 222-4227.  Payment must be made to Santander Consumer USA Inc., 5201 Rufe Snow Dr., Ste 400, N Richland Hills, TX 76180-6036.

You may also be entitled to a credit for canceled insurance premiums, in which case the Total Amount Due would be lower than that set forth above.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at (888) 222-4227 or write us at P.O. Box 961245, Fort Worth, TX 76161-1245 and request a written explanation.  Our Customer Service Business Hours are as follows:  Monday through Friday 7am-7pm CT.

If you need more information about the sale call us at (888) 222-4227 or write us at the address set forth above.

We are sending this notice to the following other people who have an interest in the Vehicle, or who owe money under your Agreement:  N/A.


Sincerely,


Santander Consumer USA Inc.


**NOTICE:  If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.**

**SANTANDER CONSUMER USA INC. IS A DEBT COLLECTOR UNLESS THE NOTICE ABOVE APPLIES TO YOU. THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Santander Consumer USA Inc. can report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.





Santander Consumer USA Inc.
P.O. Box 961245
Fort Worth, TX 76161-1245
(888) 222-4227

## NOTICE OF OUR PLAN TO SELL PROPERTY

Date: 01/14/2019

JOSEPH M BORDEN
64 LINDEN ST
TAUNTON, MA 02780-3621

Re:   Account No. ████████████
      Retail Installment Sale or Credit Sale Contract or Note and Security Agreement dated 07/07/2018
      2018 // HYUNDAI // ELANTRA // VIN ███████████████

Dear JOSEPH M BORDEN:

We have your Vehicle because you broke promises in our Agreement. We took possession of the vehicle on 01/14/2019.  We intend to dispose of the Vehicle as explained in this Notice subject to your right to get the Vehicle back (redeem) as described below.

### Notice of Intent to Resell the Vehicle

We will sell the Vehicle at a private sale sometime after 02/07/2019. A sale could include a lease or license.

The money that we get from the sale (after paying our costs) will reduce the amount you owe.  If the net proceeds at the sale, after expenses, does not equal your unpaid balance, and if the total unpaid balance exceeds $2,000, you may owe us the difference, subject to applicable law (including Mass. Gen. Laws ch. 255B § 20B).  If we get more money than you owe, you will get the extra money, unless we are required to pay it to someone else.

### Notice of Right of Redemption

You can get the Vehicle back (redeem) at any time before we sell it or enter into a contract for its sale, which date will not be less than twenty (20) days from 01/14/2019, the date we repossessed the Vehicle. To redeem the Vehicle, you must pay us the full amount you owe (not just the past due payments), including our permitted expenses. The amount you must pay to redeem the Vehicle, as of the date of this notice, is itemized below.

| | |
|---|---:|
| Amount Owed on the Agreement: | $17,082.33 |
| Accrued Interest: | $551.75 |
| Estimated credit for unearned finance charges: | $0.00 |
| Estimated credit for: _____ | $0.00 |
| [describe] | |
| Late Fees: | $15.00 |
| Dishonored Check Fees: | $0.00 |
| Repossession Fees: | $405.00 |
| Storage Fees: (through the date of this notice) | $25.00 |
| | ---------------------- |
| Total Amount Due: * | **$18,079.08** |

* The Total Amount Now Due and Total Outstanding Due amounts may change based on charges that are incurred following the date of this letter or credits that are received and applied to the amount due. Please call on the date of redemption to find out the exact amount.



You must also pay an additional $25.00 per day for storage fees, for each day after the date of this notice up to and including the date on which you redeem the Vehicle. To find out the exact amount you must pay to redeem the Vehicle, call us at (888) 222-4227. Payment must be made to Santander Consumer USA Inc., 5201 Rufe Snow Dr., Ste 400, N Richland Hills, TX 76180-6036.

You may also be entitled to a credit for canceled insurance premiums, in which case the Total Amount Due would be lower than that set forth above.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at (888) 222-4227 or write us at P.O. Box 961245, Fort Worth, TX 76161-1245 and request a written explanation. Our Customer Service Business Hours are as follows: Monday through Friday 7am-7pm CT.

If you need more information about the sale call us at (888) 222-4227 or write us at the address set forth above.

We are sending this notice to the following other people who have an interest in the Vehicle, or who owe money under your Agreement:  N/A.


Sincerely,


Santander Consumer USA Inc.

**NOTICE:  If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.**

**SANTANDER CONSUMER USA INC. IS A DEBT COLLECTOR UNLESS THE NOTICE ABOVE APPLIES TO YOU. THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

 Santander Consumer USA Inc. can report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.



**CHRYSLER**
CAPITAL

Chrysler Capital
P.O. Box 961275
Fort Worth, TX 76161-1275
(855) 563-5635

## NOTICE OF OUR PLAN TO SELL PROPERTY

Date: 12/17/2018

RICHARD  YUNKER
190 NORFOLK AVE
SWAMPSCOTT, MA 01907-1860

Julia Yunker
190 NORFOLK AVE
SWAMPSCOTT, MA 01907

Re:    Account No. :
       Retail Installment Sale or Credit Sale Contract or Note and Security Agreement dated 07/08/2018
       2018 // DODGE TR // DURANGO // VIN

Dear RICHARD  YUNKER:

We have your Vehicle because you broke promises in our Agreement. We took possession of the vehicle on
12/17/2018.  We intend to dispose of the Vehicle as explained in this Notice subject to your right to get the
Vehicle back as described below.

### Notice of Intent to Resell the Vehicle

We will sell the Vehicle at a private sale sometime after 01/10/2019. A sale could include a lease or license.

The money that we get from the sale (after paying our costs) will reduce the amount you owe.  If the net
proceeds at the sale, after expenses, does not equal your unpaid balance, and if the total unpaid balance
exceeds $2,000, you may owe us the difference, subject to applicable law (including Mass. Gen. Laws ch.
255B § 20B).  If we get more money than you owe, you will get the extra money, unless we are required to
pay it to someone else.

### Notice of Right of Redemption

You can get the Vehicle back (redeem) at any time before we sell it or enter into a contract for its sale, which
date will not be less than twenty (20) days from 12/17/2018, the date we repossessed the Vehicle. To redeem
the Vehicle, you must pay us the full amount you owe (not just the past due payments), including our
permitted expenses. The amount you must pay to redeem the Vehicle, as of the date of this notice, is
itemized below.

| | |
|---|---|
| Amount Owed on the Agreement: | $34,724.30 |
| Accrued Interest: | $1,666.91 |
| Estimated credit for unearned finance charges: | $0.00 |
| Estimated credit for: _____ | $0.00 |
| [describe] | |
| Late Fees: | $15.00 |
| Dishonored Check Fees: | $0.00 |
| Repossession Fees: | $385.00 |
| Storage Fees: (through the date of this notice) | $25.00 |
| | ------------------- |
| Total Amount Due: * | **$36,816.21** |

* The Total Amount Now Due and Total Outstanding Due amounts may change based on charges that are
incurred following the date of this letter or credits that are received and applied to the amount due. Please
call on the date of redemption to find out the exact amount.



P.O. Box 961275, Fort Worth, TX 76161-1275 • www.ChryslerCapital.com • 855.563.5635
©2017 Chrysler Capital. Chrysler Capital is a registered trademark of FCA US LLC and licensed to Santander Consumer USA Inc.
MA- NOI-409_27999_032317
Page 1 of 2                                        2339725010                                        (Rev. 032317)

You must also pay an additional $25.00 per day for storage fees, for each day <u>after</u> the date of this notice up to and including the date on which you redeem the Vehicle. To find out the exact amount you must pay to redeem the Vehicle, call us at (855) 563-5635. Payment must be made to Chrysler Capital, 5201 Rufe Snow Dr., Ste 400, N Richland Hills, TX 76180-6036.

You may also be entitled to a credit for canceled insurance premiums, in which case the Total Amount Due would be lower than that set forth above.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at (855) 563-5635 or write us at P.O. Box 961275, Fort Worth, TX 76161-1275 and request a written explanation. Our Customer Service Business Hours are as follows: Monday through Friday 7am-7pm CT.

If you need more information about the sale call us at (855) 563-5635 or write us at the address set forth above.

We are sending this notice to the following other people who have an interest in the Vehicle, or who owe money under your Agreement: Julia Yunker.

Sincerely,

Chrysler Capital

NOTICE: If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.

CHRYSLER CAPITAL IS A DEBT COLLECTOR UNLESS THE NOTICE ABOVE APPLIES TO YOU. THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Chrysler Capital can report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.

P.O. Box 961275, Fort Worth, TX 76161-1275 • www.ChryslerCapital.com • 855.563.5635
©2017 Chrysler Capital. Chrysler Capital is a registered trademark of FCA US LLC and licensed to Santander Consumer USA Inc.
MA- NOI-409_27999_032317
Page 2 of 2

# EXHIBIT B



Santander Consumer USA
P.O. Box 961245
Fort Worth, TX 76161-1245
(888) 222-4227

## Explanation of Calculation of Surplus or Deficiency

Date: 03/03/2019

LISA PIAZZA
48 FRANCIS WYMAN RD
BURLINGTON, MA 01803-2252

Re:    Account No █████████
       Retail Installment Sale or Credit Sale Contract dated 07/11/2017 ("Agreement")
       2015 // TOYOTA // Sienna // VIN ████████████████ ("Vehicle")

Dear Lisa Piazza:

Please be advised that we disposed of the Vehicle on 02/12/2019.  The proceeds of the sale have been applied as explained below.  If you financed a premium for credit insurance under your Agreement, you may be entitled to a refund of any unearned portion of the premium.

| # | Description | | Amount | | Total |
|---|---|---|---|---|---|
| 1. | Aggregate unpaid balance of Agreement as of 03/03/2019 | | $33,522.70 | | |
| 2. | Rebate of unearned finance charges as of 03/03/2019, if any | - | $0.00 | | |
| 3. | Accrued and unpaid late fees | + | $15.00 | | |
| 4. | Net balance due (1 minus 2 plus 3) | | | = | $33,537.70 |
| 5. | Gross proceeds from the sale of the Vehicle | - | $15,800.00 | | |
| 6. | Subtotal after deducting proceeds of sale (4 minus 5) | | | = | $17,737.70 |
| 7. | Costs of retaking the Vehicle | | $385.00 | | |
| 8. | Costs of storing the Vehicle | + | $40.00 | | |
| 9. | Costs of preparing the Vehicle for sale | + | $0.00 | | |
| 10. | Costs of selling the Vehicle | + | $214.50 | | |
| 11. | Attorneys' fees and court costs | + | $0.00 | | |
| 12. | Other costs: | + | $0.00 | | |
| 13. | Total Costs (7 through 12) | | | = | $639.50 |
| 14. | Credit:  Rebate of unearned insurance premiums | | $0.00 | | |
| 15. | Credit: | + | $0.00 | | |
| 16. | Credit: | + | $0.00 | | |
| 17. | Total Credits  (14 through 16) | | | = | $0.00 |
| 18. | Balance due/surplus after sale (6 plus or minus 13, plus or minus 17) | | | = | $18,377.20 |



(The checked box applies to you).

☑ Deficiency balance for which you are liable and for which demand* is hereby made $18,377.20. **

☐ No deficiency balance is owed because the unpaid balance or amount owed under the Agreement was less than the minimum under state law.

☐ Surplus balance to be remitted to you $0.00. **

☐ Surplus balance paid to a subordinate party $0.00.

**Future debits, credits, charges, finance charges or interest, rebates or other expenses may affect this amount.

If you need more information about the transaction, contact us: Santander Consumer USA, P.O. Box 961245, Fort Worth, TX 76161-1245, (888) 222-4227.

Sincerely,

Santander Consumer USA

* **NOTICE:  If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.**

**SANTANDER CONSUMER USA IS A DEBT COLLECTOR UNLESS THE NOTICE ABOVE APPLIES TO YOU. THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Santander Consumer USA can report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.



**Exhibit**

**Yunker 4**

9th Jul 2020

Chrysler Capital
P.O. Box 961275
Fort Worth, TX 76161-1275
(855) 563-5635

## Explanation of Calculation of Surplus or Deficiency

Date: 02/24/2019

RICHARD YUNKER
190 NORFOLK AVE
SWAMPSCOTT, MA 01907-1860

Re:     Account No. ██████████
        Retail Installment Sale or Credit Sale Contract dated 07/08/2018 ("Agreement")
        2018 // DODGE TRUCK // Durango // VIN ████████████ ("Vehicle")

Dear Richard Yunker:

Please be advised that we disposed of the Vehicle on 02/05/2019. The proceeds of the sale have been applied as explained below. If you financed a premium for credit insurance under your Agreement, you may be entitled to a refund of any unearned portion of the premium.

| | | | | |
|---|---|---|---|---|
| 1. | Aggregate unpaid balance of Agreement as of 02/24/2019 | | $37,134.60 | |
| 2. | Rebate of unearned finance charges as of 02/24/2019, if any | - | $0.00 | |
| 3. | Accrued and unpaid late fees | + | $15.00 | |
| 4. | Net balance due (1 minus 2 plus 3) | | = | $37,149.60 |
| 5. | Gross proceeds from the sale of the Vehicle | - | $25,800.00 | |
| 6. | Subtotal after deducting proceeds of sale (4 minus 5) | | = | $11,349.60 |
| 7. | Costs of retaking the Vehicle | | $385.00 | |
| 8. | Costs of storing the Vehicle | + | $40.00 | |
| 9. | Costs of preparing the Vehicle for sale | + | $0.00 | |
| 10. | Costs of selling the Vehicle | + | $268.00 | |
| 11. | Attorneys' fees and court costs | + | $0.00 | |
| 12. | Other costs: | + | $0.00 | |
| 13. | Total Costs (7 through 12) | | = | $693.00 |
| 14. | Credit:  Rebate of unearned insurance premiums | | $0.00 | |
| 15. | Credit: | + | $0.00 | |
| 16. | Credit: | + | $0.00 | |
| 17. | Total Credits  (14 through 16) | | = | $0.00 |
| 18. | Balance due/surplus after sale (6 plus or minus 13, plus or minus 17) | | = | $12,042.60 |



(The checked box applies to you).

- ☑ Deficiency balance for which you are liable and for which demand* is hereby made $12,042.60. **
- ☐ No deficiency balance is owed because the unpaid balance or amount owed under the Agreement was less than the minimum under state law.
- ☐ Surplus balance to be remitted to you $0.00. **
- ☐ Surplus balance paid to a subordinate party $0.00.

**Future debits, credits, charges, finance charges or interest, rebates or other expenses may affect this amount.

If you need more information about the transaction, contact us: Chrysler Capital, P.O. Box 961275, Fort Worth, TX 76161-1275, (855) 563-5635.

Sincerely,

Chrysler Capital

**\* NOTICE:  If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.**

**CHRYSLER CAPITAL IS A DEBT COLLECTOR UNLESS THE NOTICE ABOVE APPLIES TO YOU. THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Chrysler Capital can report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
LISA PIAZZA, JOSEPH BORDEN, and         )
RICHARD YUNKER,                         )
                                        )
        Plaintiffs,                     )
                                        )
v.                                      )      C.A. No. 1:19-CV-11697-ADB
                                        )
SANTANDER CONSUMER USA INC.,            )
and JMAC DISTRIBUTION LLC,              )
                                        )
        Defendants.                     )
_____ )

**CERTIFICATE OF SERVICE**

I, Raven Moeslinger, hereby certify that today I caused to be served the within document

on counsel for the defendants via ECF service.

                            */s/ Raven Moeslinger*
                            _____
                            Raven Moeslinger

1