*Execution Version 5/2021*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA PIAZZA, JOSEPH BORDEN, and RICHARD YUNKER, <br><br> Plaintiffs, <br><br> v. <br><br> SANTANDER CONSUMER USA INC. and JMAC DISTRIBUTION LLC, <br><br> Defendant. | Civil Action No. 1:19-cv-11697-ADB |

## CLASS ACTION SETTLEMENT AGREEMENT

Subject to final approval by the Court and in exchange for valuable consideration as set forth herein, this Class Action Settlement Agreement (the "Agreement") dated as of ___June 25___, 2021 is entered into by and between Plaintiffs Lisa Piazza and Richard Yunker (the "Class Representatives") and Plaintiff Joseph Borden (together with the Class Representatives, the "Plaintiffs"), on behalf of themselves and the Settlement Class Members as defined herein, and Defendant, Santander Consumer USA Inc. ("Santander"), intending that as among the Parties, including all Settlement Class Members, this Litigation and the Released Claims, as defined below, shall be fully and finally compromised, settled and released, and this Litigation shall be dismissed with prejudice, as to all Parties and Released Persons upon the terms and conditions set forth herein.

**WHEREAS**, Plaintiffs filed a class action complaint against SC and Defendant JMAC Distribution LLC ("JMAC") in the Commonwealth of Massachusetts Superior Court, Middlesex County, Case No. 1981CV01695, alleging, *inter alia*, violations of the Massachusetts Uniform

Commercial Code and the Massachusetts Consumer Protection Act with respect to notices of intent to sell sent by Santander following repossession of Motor Vehicles;

**WHEREAS**, Santander removed the case to this Court on August 6, 2019;

**WHEREAS**, Plaintiffs subsequently filed a First Amended Class Action Complaint (the "Amended Complaint") alleging, *inter alia*, violations of the Massachusetts Uniform Commercial Code and the Massachusetts Consumer Protection Act with respect to both notices of intent to sell sent by Santander following repossession of Motor Vehicles and post-sale deficiency notices sent after Santander secured party sale of repossessed Motor Vehicles (the "Litigation");

**WHEREAS,** Santander denies the material allegations made in the Litigation and denies any and all liability with respect to the allegations and claims asserted against Santander in the Litigation, and further denies that the Settlement Class Members have suffered any damage or are entitled to any recovery;

**WHEREAS**, Plaintiffs sought statutory damages under the Massachusetts Uniform Commercial Code, and contested and disputed liability for any deficiencies allegedly owed;

**WHEREAS,** sharply contested issues of both law and fact exist concerning the allegations and claims made against Santander;

**WHEREAS,** Class Counsel has conducted a thorough investigation into the facts and law relating to the Litigation;

**WHEREAS,** based on their review and analysis of the relevant facts and legal principles, Class Counsel believes that, in consideration of all the circumstances and after extensive and thorough arms' length settlement negotiations, the terms and conditions embodied in this Agreement are fair, reasonable, and adequate, and beneficial to and in the best interests of the Class Representatives and the Settlement Class Members (certain capitalized terms are defined in

Section 1 below), based upon the substantial benefits that this Agreement bestows upon the Settlement Class, generally as follows:

(i)     Santander will pay Five Million Six Hundred Thousand Dollars ($5,600,000.00) for the benefit of the Settlement Class Members described below and the Class Representatives and for the purposes of paying attorneys' fees and costs approved by the Court and will also contribute up to Thirty Thousand Dollars ($30,0000.00) for costs of administration of the Settlement, and

(ii)    Santander will release and waive all outstanding Deficiency Balances for all members of Settlement Class (as defined in paragraph 3.1), being an additional benefit of more than Thirty Million Dollars ($30,000,000.00) to the Settlement Class Members;

all as more fully described, and on and subject to the terms and conditions described herein.

**WHEREAS**, Class Counsel has fully analyzed and evaluated the merits of the Parties' contentions and this settlement as it affects the Parties, and after taking into account the foregoing along with the substantial risks of continued litigation and the likelihood that the Litigation, if not settled now, will be protracted and expensive, are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate and equitable, and that a settlement of the Litigation (as against Santander) is in the best interests of the Settlement Class Members defined below; and

**WHEREAS**, Santander denies any liability, but nevertheless desires to settle the Litigation on the terms and conditions herein set forth, for the purposes of avoiding the burden, expense, and uncertainty of continuing litigation, and for the purpose of putting to rest the controversies engendered by the Litigation;

**NOW THEREFORE,** intending to be legally bound and in consideration of the covenants and agreements set forth herein, the Plaintiffs, the Settlement Class Members and Santander agree to the settlement of the Litigation (as against Santander), subject to Court approval and the provisions contained in this Agreement, and that the Litigation and the Settled Claims against the Released Persons are fully and finally compromised, settled and released, and that the Litigation shall be dismissed with prejudice as to all Settlement Class Members as follows:

1. **DEFINITIONS**.

"Agreement" means this Settlement Agreement.

"Class Counsel" means the Law Office of Nicholas F. Ortiz, P.C., Boston, Massachusetts.

"Class List" is defined in paragraph 5.2 (all references to numbered paragraphs being references to numbered sections or paragraphs in this Agreement unless the context requires otherwise).

"Class Period" means the period from June 11, 2015 through September 8, 2019, inclusive.

"Deficiency Balance" for purposes of this Agreement means the balance of each Settlement Class Member's Account claimed by Santander to be outstanding as of the Effective Date.

"Effective Date" of this Agreement means the date after the entry by the Court of the Final Approval Order and (i) the passage of the applicable period for the filing or noticing of an appeal of such Final Approval Order without an appeal having been filed; or (ii) if an appeal shall have been taken, the entry of an order affirming the Final Approval Order and the expiration of applicable period for the filing or noticing of an appeal or petition for review thereof without a further appeal or petition for review having been filed, or the entry of any stipulation dismissing any such appeal with no right of further prosecution thereof.

"Final Approval Order" means an order and judgment of the Court approving class action settlement in the form of <u>Exhibit C</u> to this Agreement with only those changes or modifications accepted by Santander in writing, if any.

"Member" or "member," in reference to any Settlement Class Member, shall be determined on an account-by-account basis.  All payments and other awards shall be made singularly for each account shown on Santander's records ("Account"), regardless of the number of individual obligors on such Account.  Joint obligors on any Account shall be treated collectively as a single class member and are referred to collectively herein in the singular as a "member."

"Motor Vehicle" or "vehicle" means any device satisfying the definition of "motor vehicle" set forth in M.G.L. c. 255B, § 1.

"Parties" means, collectively, the Plaintiffs, the Settlement Class Members and the Santander.

"Preliminary Approval" of this Agreement means the Court's entry of an order in the form of Exhibit A hereto, with only those changes or modifications accepted by Santander in writing, conditionally certifying the Settlement Class, and preliminarily approving the terms and conditions of this Agreement, including the form of and manner of sending the Settlement Notice to Preliminary Settlement Class Members.

"Released Claims" means and includes a release of any and all claims, demands, actions, causes of action, rights, offsets, suits, damages, lawsuits, liens, costs, losses, expenses or liabilities of any kind whatsoever ("claims"), for any relief whatsoever, whether known or unknown, that were raised against Santander in the Amended Complaint [Dkt. 46] or could have been raised against Santander in the Amended Complaint, in either an individual or representative capacity, based on the facts alleged in the Amended Complaint including any claims relating to the form and/or content of notices sent by Santander or any of the Released Persons to any Settlement Class Member including post-repossession, pre-sale notices of intent to sell and post-sale deficiency notices (the "Statutory Notices").

"Released Persons" means and includes the Santander, and all of its respective officers, directors, affiliates, subsidiaries, parents, partners, insurers, employees, associates, trustees, agents, accountants, attorneys, predecessors (including, without limitation, any prior holders or servicers of the Settlement Class Members' Retail Installment Sale Contracts), successors and assigns, and any other persons or entities involved in the issuance of the Statutory Notices.

"Retail Installment Sale Contract" or "RISC" means and includes a contract to purchase a motor vehicle in installments or a promissory note and security agreement that evidences the financing on the purchase of a motor vehicle, in either case, that is governed by provisions of the Motor Vehicle Retail Installment Sales Act, Massachusetts General Laws, Chapter 255B, and includes all amendments, extensions, and modifications thereto and forbearance agreements relating thereto.

"Santander Counsel" means Duane Morris, LLP, Boston, Massachusetts.

"Settlement" is defined in Paragraph 2.1.

"Settlement Administrator" means an independent class action settlement administration company retained by Class Counsel, who is reasonably acceptable to Santander and approved by the Court for purposes of administering the Settlement, to be compensated pursuant to paragraph 6.1.

"Settlement Award Amount" means Five Million Six Hundred Thousand Dollars ($5,600,000.00) and the "Settlement Fund" means the fund of such amount created hereunder.

"Settlement Class" is defined in Paragraph 3.1, and "Settlement Class Members" means the obligors on the Accounts described in paragraph 3.1 that have not timely and validly excluded themselves from the Settlement pursuant to paragraph 7.3.  Preliminary Settlement Class Members is defined in paragraph 5.2.

"Settlement Distribution Amount" is defined in Paragraph 4.2.

"Settlement Notice" means a notice to Preliminary Settlement Class Members in the form of Exhibit B hereto, with only those changes or modifications accepted by Santander in writing.

"Statutory Notice" is defined under the definition of "Released Claims."  The "Representatives' Statutory Notices" means the presale and post-sale notifications sent to the Class Representatives.

## 2.   **GENERAL TERMS OF THE SETTLEMENT**.

2.1   Conditional Nature of Settlement Agreement.   This Agreement, including all associated exhibits and attachments, is made for the sole purpose of attempting to consummate a settlement of this action on a class-wide basis.  The Agreement is made in compromise of disputed claims. The Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims upon and subject to the terms and conditions set forth in this Agreement.  Because this action was pled as a class action, this Settlement must receive approval by the Court.  Accordingly, the Parties enter into this Agreement to affect the settlement described herein (the "Settlement") on a conditional basis, subject to entry of the Final Approval Order and the occurrence of events and passage of time giving rise to the Effective Date.

2.2   Effect of Disapproval.  If (i) the Court fails to grant Preliminary Approval or (ii) the Court fails to approve the Settlement Notice or (iii) the Court fails to issue the Final Approval Order or (iv) the Final Approval Order is vacated, amended or otherwise altered on appeal (as each of those terms are defined in Section 1); then this Agreement shall be deemed null and void *ab initio*.  This Agreement shall not be referred to, utilized or admissible for any purpose whatsoever; and any negotiations concerning and communications performing the terms of the Agreement including, without limitation, Santander's provision of class-related data and the Class List referred to in paragraph 5.2, shall remain confidential and shall not be admissible in any proceeding for any purpose.  Class Counsel shall promptly destroy all copies including electronic copies of the Class List including those in the possession or control of the Settlement Administrator, and shall file with the Court a certification of such destruction and covenant not to use the same for any purpose.

2.3   Denial of Liability; No Admissions.  Santander denies all of the claims against it as to liability, damages, fees, restitution and all other forms of relief, as well as all allegations asserted against Santander in the Litigation.  Neither this Agreement, nor any of its terms and provisions, nor any

7

of the negotiations connected with it, shall be construed as an admission or concession by Santander of any legal violations, any legal requirement or any failure to comply with any applicable law, or any wrongdoing of any type.  Except as necessary in a proceeding to enforce the terms of this Agreement, this Agreement and its terms and provisions shall not be offered or received as evidence in any action or proceeding for any purpose, including, without limitation, to establish any liability or admission on the part of Santander or any Released Persons or to establish any condition constituting a violation of or non-compliance with federal, state, local or other applicable law, or the propriety of class certification in any proceeding or action.  The Parties expressly agree and represent that, in the event that the Court does not approve this Agreement, or any appellate court disapproves of this Agreement in any way that prevents the Settlement from becoming final and effective, no Party will use or attempt to use any conduct or statement of any other Party in connection with this Agreement, or any effort to seek approval of the Settlement, to affect or prejudice any other Party's rights in any ensuing litigation.  Santander has agreed to resolve this Litigation through this Agreement, but to the extent this Agreement is deemed void or the Effective Date does not occur, the Parties do not waive, but rather expressly reserve all rights and defenses, including, without limitation, any and all rights to challenge all such claims and allegations in the Litigation upon all procedural, factual and substantive grounds, and the ability to challenge class action treatment on any grounds or assert any and all defenses or privileges. The Parties expressly reserve all rights and defenses as to any claims and do not waive any such rights or defenses in the event that this Agreement is not approved for any reason.  Plaintiffs and Class Counsel agree that Santander and the Released Persons retain and reserve these rights and agree not to take a position to the contrary.

3.   **CERTIFICATION OF SETTLEMENT CLASS.**

3.1   <u>Class Certification for Settlement Purposes</u>.  For the purposes of the Settlement and the proceedings contemplated herein, the Parties stipulate and agree that the following class (the "Settlement Class") shall be conditionally certified:

All Accounts with respect to which Santander sent a notice identical and/or substantially similar to the presale notices attached as Exhibit A to the Amended Complaint [Dkt. 46] (a

"Contested Pre-Sale Notice") at any time during the Class Period and sold leased, licensed or otherwise disposed of the vehicle referred to in such notice pursuant to such Contested Pre-Sale Notice, and/or sent a notice identical and/or substantially similar to the post-sale notice attached as Exhibit B to the Amended Complaint, on or after July 22, 2016; excluding: (i) any Account that includes within the applicable RISC (as defined in Section 1), a provision requiring the parties to submit to binding non-class arbitration in lieu of participation in litigation upon the election of either party, and (ii) any Account that is subject to a judgment or a release agreement in favor of Santander.

3.2    Class Representatives and Class Counsel. The Parties further stipulate and agree that Lisa Piazza and Richard Yunker shall be the Class Representatives for the Settlement Class, and that their counsel of record, the Law Office of Nicholas F. Ortiz, P.C., shall be appointed as Class Counsel for the Settlement Class.  For certainty, Plaintiff Joseph Borden and the Class Representatives are Settlement Class Members.

4.    **RELIEF FOR SETTLEMENT CLASS MEMBERS.**

4.1    Relief Provided to Settlement Class Members.

(a)  Santander shall within fifteen (15) days of the Effective Date, provide the Settlement Award Amount to the Settlement Administrator.

(b)  The Settlement Administrator shall establish a segregated, interest bearing account in a federally insured depository approved by Class Counsel and reasonably acceptable to Santander and shall deposit the Settlement Award Amount therein and shall maintain such account pursuant to the terms hereof.

(c)  All amounts in the Settlement Fund shall be used solely for purposes of implementing this Settlement, and together with the Deficiency Balance waiver

9

described in subparagraph (e) below, will be the sole basis to provide relief to members of the Settlement Class, and to pay attorneys' fees and costs as approved by the Court.

(d) Within 15 days of receipt of the Settlement Award Amount, the Settlement Administrator shall mail to each Settlement Class Member at the address obtained pursuant to paragraphs 5.2 or 6.2, a check for such Member's Settlement Distribution Amount.

(e) As of the Effective Date, Santander shall permanently abandon and not collect or assign any Deficiency Balances.

(f) Class Representatives contend that recourse to recover a repossession deficiency arises only post-repossession if all the requirements of MGL 255B, s. 20B are met. Class Representatives further contend and allege that Santander failed to comply with that section and therefor Class Members' alleged deficiency obligations never arose. Santander disagrees, and contends that it complied with that section and met such requirements and that in any event the Class Members' deficiency obligations are valid and enforceable. The parties acknowledge that Santander's agreement that the deficiencies of Class Members will not be collected is in settlement of a contested liability.

(g) Not later than the second business day after entry of the Preliminary Approval of the Settlement, Santander shall cease active collection of Deficiency Balances of accounts within the definition of the Settlement Class, but before entry of the Final Approval order may continue to receive and apply payments tendered on such accounts, whether tendered pursuant to previously established payment plans or otherwise.

(h) Santander is hereby authorized to ask any credit reporting agency to delete or suppress the tradelines associated with each Class Member's Account, by batch request or otherwise, but has no responsibility whatsoever for the performance of or reporting by any credit reporting agency, except for as such responsibilities may arise from operation of applicable law.

4.2     <u>Distribution of the Settlement Fund</u>.  After allowing and reserving for payment of Class Counsel fees and costs as approved by the Court, and for payment of the Class Representatives' Incentive Awards and for costs of administration in excess of $30,000 if any, the remaining balance in the Settlement Fund (the "Distribution Balance") shall be allocated among each of the Settlement Class Members as follows:  First, the Settlement Administrator shall calculate the "Alleged Claim" for each Settlement Class Member and the total of all such Alleged Claims.  For these purposes, "Alleged Claim" means the total of Finance Charges stated on a Settlement Class Member's RISC plus 10% of the Amount Financed stated thereon, as shown on the Class List.  Next, the Settlement Administrator shall calculate the percentage that the Distribution Balance bears to the total Alleged Claims.  Each Settlement Class Member shall be allocated and paid, subject to the terms hereof, the amount equal to his, her, or their Alleged Claim multiplied by that percentage (such resulting amount, for each Class Member, his, her, or their "Settlement Distribution Amount").

4.3     <u>Representative Incentive Award</u>.  The Class Representatives shall each be paid an Incentive Award of $7,500.00 from the Settlement Fund to be paid separately by check, substantially concurrently with the mailings described in paragraph 4.1(d).

4.4     <u>Attorneys' Fees</u>.  The Parties understand that the Class Representatives intend to apply to the Court for approval of an award of attorneys' fees and expenses to be paid to Class Counsel from the Settlement Fund in an amount not to exceed 33% of the Settlement Award Amount.  All attorneys' fees and expenses shall be paid from the Settlement Fund only, and the amounts of such fees

11

and expenses shall not increase in any way Santander's total payment obligation beyond the Settlement Award Amount. The Parties acknowledge that the award thereof is subject to Court approval. Santander agrees not to object to any request for reimbursement of expenses and fees in the amount described in this paragraph and the parties agree that the amount of attorney's fees awarded shall not affect Santander's payment obligation hereunder. The Settlement Administrator shall pay the attorneys' fees and expenses awarded by the Court out of the Settlement Fund subject to the terms of this Settlement. For certainty, Santander shall have no obligation to pay attorneys' fees (other than to the extent the Court permits the attorneys' fees to be paid from the Settlement Fund).

4.5     Increase in Settlement Award Amount.  Santander agrees that in the event that the actual number of Settlement Class Member Accounts exceeds 3,588, for each account in excess of that number, Santander will increase the Settlement Award Amount by $1,560.76, which additional amount, if any shall be administered and paid as part of the same Settlement Award Amount herein.

5.     **IDENTIFICATION OF SETTLEMENT CLASS MEMBERS.**

5.1     Preliminary Class Size. Santander represents that to the best of its knowledge based on its review to date of its electronic records of customer accounts, the Settlement Class contains approximately 3,500 Accounts, with an aggregate outstanding Deficiency Balance of approximately $30,000,000, treating previously charged off Accounts as zero.

5.2     Settlement Class Member Identification.

(a) No later than fifteen (15) days after entry of the Preliminary Approval Order, Santander will produce an electronic list (the "Class List") for the Settlement Administrator and Class Counsel containing the following information and data as of the date of such entry of a date reasonably proximate thereto, for each account within

the Settlement Class (sometimes referred to as "Preliminary Settlement Class Members"), by Account:

> (i)     his/her/their names and last known address or addresses;
>
> (ii)    the Amount Financed (or principal) and the Finance Charge (or interest) shown on his/her/their RISC; and
>
> (iii)   the Deficiency Balance, if any.

The Deficiency Balances shown on the Class List may be zero if Santander had charged-off the account and/or may not reflect debits or credits made after the date of this Agreement.

(b) The Settlement Administrator will update each Preliminary Settlement Class Member's last known address through the United States Postal Service National Change of Address (NCOA) database, and, if needed, by performing a search through Accurint or similar service. If needed to obtain an updated address, Santander will provide the Settlement Administrator with Social Security Numbers upon written request and assurance of confidentiality thereof.  Such information shall be provided solely to assist the Settlement Administrator in locating valid addresses where necessary.  Santander, through its counsel, will thereafter respond to reasonable written inquiries, if any, by Class Counsel concerning the procedures used in updating and maintaining the list of Preliminary Settlement Class Members.

5.3      <u>Process and Confidentiality of Settlement Class Identification</u>.  Concurrently with the delivery of the Class List, Santander shall provide an authenticated writing to Class Counsel describing the processes used to identify Settlement Class Members and gather the information provided under paragraph 5.2, including summaries of information relating to Amount Financed, stated Finance Charges, and deficiencies outstanding for each Settlement Class Member.  Santander has provided a preliminary analysis of such items to Class Counsel.  Class Counsel acknowledges that it has sufficient

information to determine that this Settlement is fair and reasonable and with the Class List to be provided, to effectuate it.

5.4        Class Period.  Santander has represented that immediately following the Class Period, it commenced using post-repossession pre-sale notice forms and post-sale deficiency notice forms that contain the phrase "fair market value," in contrast to the Statutory Notices sent to the Class Representatives, and that are in compliance with MGL 255B, s. 20B and the Massachusetts Uniform Commercial Code.

6.        **ADMINISTRATION OF THE SETTLEMENT**.

6.1        Costs of Administration. The fees of the Settlement Administrator and the costs of providing the Settlement Notice to persons on the Class List of the pendency and settlement of the Litigation, administering this Agreement and making the distributions required under this Agreement and all other functions and actions of the Settlement Administrator, up to a maximum of $30,000 shall be paid by Santander. Santander shall not be responsible for fees or costs of administration in excess of $30,000.00, and any such excess shall be paid from the Settlement Fund. Class Counsel will oversee the Settlement Administrator.  No later than the hearing for preliminary approval, Class Counsel will provide Santander with the Settlement Administrator's proposal and estimate to administer the Settlement.

6.2        Treatment of Settlement Class Members Who Have Moved or Died.  For those Settlement Class Members whose checks mailed pursuant hereto are returned by the U.S. Postal Service for lack of a current correct address, the Settlement Administrator shall seek an address correction via a social security number search through the Accurint (or similar) database for those individuals, and their checks will be re-sent to any subsequently obtained addresses. Class Counsel and the Settlement Administrator shall have no further obligation to locate Settlement Class Members. If the Settlement Administrator receives notice that a Settlement Class Member is deceased, the Settlement Administrator will, upon receipt of proper notification and documentation, make any payment due to the Settlement

14

Class Member's estate. "Proper notification and documentation" means, at minimum, a copy of the court filings appointing an executor, administrator or other personal representative of the estate and sufficient information as to the identity and address of the executor, administrator or personal representative to enable mailing of a check.

6.3        <u>Uncashed/Unclaimed Checks</u>. Those Settlement Class Members whose checks are not cashed within 180 days from mailing, shall be ineligible to share in the Settlement Fund (but shall nonetheless be subject to the provisions of the release provided by the Final Approval Order). The funds from any checks that remain uncashed after such one hundred eighty (180) day period shall be distributed to the *cy pres* beneficiaries identified in paragraph 6.5.

6.4        <u>Distribution Report</u>. Within sixty (60) days after the 180-day period described in Paragraph 6.3, the Settlement Administrator shall provide a written report to Class Counsel and Santander's Counsel showing the number of Settlement Class Members, the number of Settlement Class Members sent checks, the number of Settlement Class Members who did not cash the checks, the total dollar amount of the checks distributed, and the total dollar amount of cashed and uncashed checks.

6.5        *<u>Cy Pres</u>*. Within sixty (60) days after providing the distribution report described in Paragraph 6.4, the residue of the principal, if any, of any uncashed checks distributed pursuant to the terms of this Agreement and all interest in the Settlement Fund shall be donated and paid (i) 50% to National Consumer Law Center, Inc. and (ii) 50% to LISC Boston | Local Initiatives Support Corporation. The Settlement Administrator shall deliver each organization's check to Class Counsel for distribution, with a copy to Santander's Counsel, and Class Counsel shall allow Santander's Counsel to send the check to the recipient named in clause (ii).

6.6        <u>Certification of Distribution</u>. Within twenty (20) days after the final distribution of all portions of the Settlement, the Settlement Administrator shall file a declaration certifying to the Court that the distributions provided for by this Agreement have all been timely made and shall serve a copy thereof on Class Counsel and Santander.

6.7 <u>Tip-Over Agreement</u>.  Outside this Agreement, the Parties have entered into an agreement (the "Tip-Over Agreement") that provides agreed tip-over numbers for the Settlement Class, which agreement shall remain confidential.  Santander has the right, in its sole discretion, to elect to terminate and void this Agreement if total requests by Preliminary Settlement Class Members to be excluded from the Settlement exceed the Class Tip-Over Number described therein, which right it may elect at any time prior to the court's hearing on final approval, by serving written notice of its election to terminate this Settlement on the Court and on Class Counsel by first-class mail or electronic mail if applicable.  The Tip-Over Agreement shall not be filed with the Court, unless a dispute among the Parties concerning its interpretation or application arises, and in that event, it shall be filed and maintained under seal.

6.8 <u>Dismissal of Claims</u>.  All individual and/or class claims asserted against Santander in the Amended Complaint shall be dismissed with prejudice upon entry of the Final Approval Order, as set forth in the Final Approval Order.

6.9 <u>Calculation of Payments</u>.  Neither Santander nor Santander's counsel shall have any responsibility for, interest in, or liability whatsoever with respect to the investment, allocation or distribution of the Settlement Fund, the administration, calculation or payment of claims, the payment or withholding of any taxes, or any losses incurred in connection therewith.  These functions will be conducted by and under the direction of Class Counsel in accordance with this Agreement.

7. **CLASS SETTLEMENT PROCEDURES.**

7.1 <u>Motion for Preliminary Approval</u>. Within fourteen (14) days after the signing of this Agreement, Class Counsel shall file a motion seeking Preliminary Approval (as defined in Section 1).

7.2 <u>Notice to Class Members, CAFA Notice and Settlement Administration</u>.  Class Counsel, through the Settlement Administrator, shall be responsible for giving the Settlement Notice

(after the Court's approval thereof) to the Preliminary Settlement Class Members, for all administration of the Settlement Fund, and for making the disbursements from the Settlement Fund authorized by this Agreement following the Effective Date, subject to Court approval.  Subject to the Court's approval, the Parties agree that the Settlement Notice shall be sent to the Preliminary Settlement Class Members by the Settlement Administrator within ten business days after Santander provides it with the Class List, in the following manner: (i) the Settlement Administrator shall update the address list as set forth in paragraph 5.2(b); (ii) the Settlement Administrator shall mail the Settlement Notice, by first class United States mail to the addresses for the Preliminary Settlement Class Members; (iii) if a mailed notice is returned with a forwarding address provided by the Postal Service, the Settlement Administrator will re-mail it to the address or addresses provided; (iv) if a mailed notice is returned without a forwarding address provided by the Postal Service, or is otherwise designated by the Postal Service as bearing an invalid address, the Settlement Administrator shall use the Accurint (or similar) database to attempt to locate an updated address for the particular Preliminary Settlement Class Member, and shall re-mail the notice to such Preliminary Settlement Class Member at the most recent, updated address located. Santander shall send the notice required by Section 1715 of the Class Action Fairness Act (28 U.S.C. § 1715) to the applicable Attorney(s) General within 10 days of filing this Agreement.

      7.3      <u>Opt-Outs</u>.  The Notice described in paragraph 7.2 above shall permit any Preliminary Settlement Class Member to elect not to be part of a Settlement Class and not bound by this Agreement, if, within such time as is ordered by the Court and contained in the Notice, such Preliminary Settlement Class Member mails an appropriate opt-out notice to the Settlement Administrator, at the address contained in the notice. The notice of intention to opt out shall: (i) set forth the Preliminary Settlement Class Member's full name, current address and telephone number; (ii) contain the signatures of each person obligated on the RISC (for certainty, if the RISC has two co-obligors, both obligors must sign the notice of intention to be excluded; otherwise both shall be Settlement Class Members and both

DocuSign Envelope ID: 675AB916-9A25-46F2-903B-63759BE98899

bound by the terms of the release provided by the Final Approval Order); and (iii) state an intent of all signatories not to participate in the Settlement.  The notice of intention to opt out must be postmarked on or before the date specified in the Settlement Notice, which shall be no later than thirty (30) days after the initial mailing of the Settlement Notices.  No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Preliminary Settlement Class Member. The Settlement Administrator shall keep Class Counsel informed on a daily basis as to Opt-out elections received, and within five days after expiration of the time period to opt-out, the Settlement Administrator shall prepare a list of the persons who have complied with the requirements for exclusion and opt-out from the Settlement and serve such list and copies of such persons' exclusion documents upon Class Counsel and Santander's Counsel.  Class Counsel may contact such persons to confirm the persons' intention to be excluded from the benefits and terms of the Settlement and shall promptly inform Santander's counsel of the results of those communications. Not more than five days and at least three business days prior to any hearing on the Final Approval Order, and in any event before requesting approval of the Final Approval Order, Class Counsel shall file a list of persons electing to be excluded from this Settlement with the Court and serve such filing and list upon Santander's Counsel at the same time.  Upon the entry of the Final Approval Order, the persons who timely and properly requested exclusion from the Settlement Class will not be considered Settlement Class Members for purposes of the applicable provisions of this Agreement.

   7.4   <u>Order and Final Judgment</u>.  At a hearing or hearing before the court, as provided in the Preliminary Approval or at the time(s) the court may set, the Parties shall request that the Court enter the Final Approval Order in accordance with this Agreement, approving this Agreement as final, fair, reasonable, and adequate, approving the release provided to Santander as binding on all Settlement Class Members, ordering that the cash payments be made to all Settlement Class Members, ordering any award of attorneys' fees, costs and expenses be paid to Class Counsel, and ordering that the Litigation shall be

DM3\7193513.13

dismissed with prejudice as to all Settlement Class Members, all as more fully set forth in the Final Approval Order.

8. **RELEASES.**

8.1        Upon the Effective Date, the Class Representatives on their own behalf, and each Settlement Class Member, by operation of this Release and the Final Approval Order, hereby do and shall be deemed to have fully, finally and forever released, settled, compromised, relinquished, and discharged any and all of the Released Persons (as defined herein) of and from any and all of the Released Claims (as defined herein) and, without further action by any person, shall be deemed to have consented to the dismissal with prejudice of such claims as to all Settlement Class Members.

8.2        Upon the Effective Date, Santander hereby releases, settles, compromises, relinquishes and discharges each Settlement Class Member from any liability for any Deficiency Balance.

8.3        Upon the Effective Date, the Plain hereby release the Released Persons from all claims and demands of any kind and nature whatsoever.

8.4        The Class Representatives and Santander expressly understand and acknowledge that it is possible that unknown losses or claims exist or that present losses may have been underestimated in amount or severity.   The Class Representatives and Santander explicitly took that possibility into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between the Class Representatives and Santander with the knowledge of the possibility of such losses or claims, was given in exchange for a full accord satisfaction, and discharge of all such losses or claims.

9. **MISCELLANEOUS PROVISIONS.**

9.1        <u>Parties to Use Best Efforts to Effectuate Settlement</u>.  The Parties' counsel shall use their best efforts to obtain Preliminary Approval to this Agreement as promptly as practicable, to take all

DM3\7193513.13

steps contemplated by this Agreement to effectuate the Settlement on the stated terms and conditions and to cause the Court to issue the Final Approval Order.

9.2     <u>Governing Law</u>. This Agreement is intended to and shall be governed by the laws of the Commonwealth of Massachusetts, without regard to conflict of laws rules.  This Agreement shall be enforced in the United States District Court in the District of Massachusetts.   The Class Representatives, Settlement Class Members and Santander waive any objection that any such party may have or hereafter may have to the venue of such suit, action, or proceeding.

9.3     <u>Entire Agreement</u>. The terms and conditions set forth in this Agreement, the exhibits hereto, and the Tip-Over Agreement referred to herein, constitute the complete and exclusive statement of the Agreement between the Parties relating to the claims asserted against Santander in the Amended Complaint, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement.

9.4     <u>Modification Only in Writing</u>.  This Agreement may be altered, amended, modified or waived, in whole or in part, only in a writing signed by the Class Representatives (which may be through their counsel), Class Counsel and Santander.  This Agreement may not be amended, altered, modified or waived, in whole or in part, orally.

9.5     <u>No Ambiguity to be Construed in Favor of Either Party</u>.  The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties hereto.  Accordingly, this Agreement shall be considered neutral and no ambiguity shall be construed in favor or against the Parties.

9.6     <u>Successors</u>.  This Agreement shall be binding upon, and inure to the benefit of, the respective heirs, successors and assigns of the Parties hereto.

9.7     <u>Waivers</u>.  The waiver by one party of any provisions or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

9.8      <u>Counterparts; Electronic or Facsimile Signatures Effective</u>.  This Agreement shall become effective upon its execution by all of the undersigned.  The Parties may execute this Agreement in counterparts, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.  A signed counterpart exchanged electronically or via facsimile shall be as effective as an original signed counterpart.

9.9      <u>Retention of Jurisdiction</u>.  The Court shall retain jurisdiction over the interpretation, effectuation and implementation of this Agreement, and all orders entered in connection therewith, and the Parties and their attorneys submit to the jurisdiction of the Court.  In any action or proceeding to enforce the terms of this Agreement or the Final Approval Order and Final Judgment, the prevailing party shall be entitled to any award of reasonable attorneys' fees, costs and expenses.

9.10      <u>Taxes</u>.  The Parties and their Counsel have provided no tax advice with respect to the terms of the Settlement. The Parties agree that the amount and/or existence of a debt between the Settlement Class Members and Santander is in dispute. Santander may prepare and send a Form 1099-C to Settlement Class Members as it deems is required and appropriate under United States Internal Revenue Service rules and regulations, and each Settlement Class Member may take whatever position he or she deems appropriate with respect to income tax reporting.  In any event, Santander shall have no liability or responsibility for any taxes assessed to any Settlement Class Member or to the Class Representatives.  The delivery of funds to the Settlement Administrator in accordance with paragraphs 4.1 through 4.4 above, shall constitute full and complete discharge of the entire obligation of Santander under this Agreement. Santander shall not have any further obligation to Plaintiffs (individually or as Class Representatives) or to other Settlement Class Members under this Agreement, except as otherwise specifically provided in Paragraph 4.1(e) of this Agreement.

9.11      <u>No Opt Out Solicitation or Inducement</u>.  Plaintiffs and Class Counsel agree that they shall take no action that would or might have the effect of inducing or encouraging any person

21

DocuSign Envelope ID: 675AB916-9A25-46F2-903B-63759B5E98899

included in the Settlement Class to seek exclusion from the Class or that would or might have the effect of inducing or encouraging any person not included within the Settlement Class to seek to join or intervene or otherwise share in the benefits of this Settlement, provided that neither this provision nor any other provision in this Agreement shall not restrict Class Counsel from providing appropriate legal advice in response to inquiries from Settlement Class Members.

<End of page; Signature Page Follows>

DM3\7193513.13

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused this Class Action Settlement Agreement to be executed as of the date first set forth above.


AGREED TO AND ACCEPTED:

*Lisa Piazza*
LISA PIAZZA

*Richard Yunker*
RICHARD YUNKER

*Linda Borden, POA Joseph Borden*
JOSEPH BORDEN


Class Counsel:

By: *Nicholas F. Ortiz*
Nicholas F. Ortiz, Esq.


SANTANDER CONSUMER USA INC.


By: _____

Title: _____

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused this Class Action Settlement Agreement to be executed as of the date first set forth above.

AGREED TO AND ACCEPTED:

_____
LISA PIAZZA

_____
RICHARD YUNKER

_____
JOSEPH BORDEN

Class Counsel:

By:_____
    Nicholas F. Ortiz, Esq.

SANTANDER CONSUMER USA INC.

By:_____ Jason Miller

Title:_____Senior Director Litigation

23

DocuSign Envelope ID: 675AB916-9A2E-46F2-903B-63759B5E98899

# Exhibit A

DocuSign Envelope ID: 675AB916-9A25-46F2-993B-63759BE98899

*Final 5/28/21*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LISA PIAZZA, JOSEPH BORDEN, and RICHARD YUNKER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:19-cv-11697-ADB |
| SANTANDER CONSUMER USA INC. and JMAC DISTRIBUTION LLC, | ) ) ) | |
| Defendants. | ) ) | |

[PROPOSED] **ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

This matter came before the Court by Plaintiffs Lisa Piazza, Joseph Borden, and Richard

Yunker's ("Plaintiffs") Motion for Preliminary Approval of Class Action Settlement (the

"Motion"). Having reviewed the Motion and documents submitted in support of the Motion,

including the Class Action Settlement Agreement between Plaintiffs and Defendant Santander

Consumer USA Inc. ("Santander") dated [_____] 2021 with exhibits (the "Settlement

Agreement"), and having reviewed the record in the above-captioned matter,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      The Settlement Agreement is hereby incorporated by reference in this Order as if

fully set forth herein. Capitalized terms in this Order shall, unless otherwise defined herein, have

the meanings ascribed to them in the Settlement Agreement.

2.      Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, attached to

the Motion as Exhibit 1, and the Settlement provided for therein, are preliminarily approved as

(a) fair, reasonable, and adequate in light of the relevant factual, legal, practical and procedural considerations of the Lawsuit, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Final Approval Hearing to be scheduled as provided herein. Accordingly, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on, the Settlement.

3.      For purposes of the Settlement, the Court hereby conditionally certifies the following class for purposes of settlement (the "Settlement Class"):

> All Accounts with respect to which Santander sent a notice identical and/or substantially similar to the presale notices attached as Exhibit A to the Amended Complaint [Dkt. 46] (a "Contested Pre-Sale Notice") at any time during the Class Period and sold leased, licensed or otherwise disposed of the vehicle referred to in such notice pursuant to such Contested Pre-Sale Notice, and/or sent a notice identical and/or substantially similar to the post-sale notice attached as Exhibit B to the Amended Complaint, on or after July 22, 2016; excluding: (i) any Account that includes within the applicable RISC (as defined in Section 1 of the Settlement Agreement), a provision requiring the parties to submit to binding non-class arbitration in lieu of participation in litigation upon the election of either party, and (ii) any Account that is subject to a judgment or a release agreement in favor of Santander.

All persons within the Settlement Class shall be bound by this Order.

4.      The Court conditionally certifies the Settlement Class because, as set forth in the Motion, the requirements of Rule 23(a) and 23(b) have been met

5.      For settlement purposes only, and after considering the relevant factors in Fed. R. Civ. P. 23 and subject to further consideration at the Final Approval Hearing, Plaintiffs Lisa Piazza and Richard Yunker are conditionally designated as the Class Representatives, and Class Counsel is conditionally appointed as counsel for the Settlement Class. The law firm and attorney conditionally representing the Settlement Class are:

Nicholas F. Ortiz
Law Office of Nicholas F. Ortiz, P.C.
50 Congress Street, Suite 540
Boston, Massachusetts 02109

6.      No later than fifteen (15) days after the date and entry of this Order, Santander

shall provide the Class List to Class Counsel and the Settlement Administrator, together with the

writing described in paragraph 5.3 of the Settlement Agreement.

7.      The Settlement Notice, in the form and substance attached to the Settlement

Agreement as Exhibit B is hereby approved and accepted. Within ten (10) business days of

receiving the Class List, and pursuant to the procedures detailed in the Settlement Agreement,

under the direction of Class Counsel, the Settlement Administrator shall mail the Settlement

Notice by first class U.S. mail to all individuals listed on the Class List. Before sending the

Settlement Notice, Class Counsel shall fill-in all applicable dates and deadlines in the Class

Notice to conform with the dates and deadlines specified for such events in this Order and the

Settlement Agreement. Class Counsel, with consent of Santander Counsel, may format the Class

Notice in a reasonable manner before mailing to minimize mailing or administration costs.

8.      If any Class Notice mailed pursuant to the Settlement Agreement is returned by

the United States Postal Service for lack of a current correct address the Settlement

Administrator shall use the Accurint (or similar) database to attempt to locate an updated address

for those individuals, and the Settlement Notice will be re-sent to any subsequently obtained

addresses.  Class Counsel and the Settlement Administrator shall have no further obligation to

locate Settlement Class Members.

9.      The Court finds that the Settlement Agreement's plan for notice to the Settlement

Class is the best notice practicable under the circumstances and satisfies the requirements of due

process and Fed. R. Civ. P. 23. The class notice plan set forth in the Settlement Agreement is

approved and accepted. This Court further finds that the Class Notice complies with Fed. R. Civ.

P. 23 and is appropriate as part of the notice plan and the Settlement, and thus it is hereby

approved and adopted. This Court further finds that no other notice other than that identified in

the Settlement Agreement is reasonably necessary.

10.    Any Class Member who wishes to be excluded from the Settlement Class and not

be bound by the Settlement Agreement must complete and mail a request for exclusion (an "Opt-

Out") to the Settlement Administrator at the address set forth in the Settlement Notice,

postmarked no later than thirty (30) days from the initial mailings of Class Notice. For an Opt-

Out to be valid, it must: (i) set forth the Preliminary Settlement Class Member's full name,

current address and telephone number; (ii) contain the signatures of each person obligated on the

RISC (for certainty, if the RISC has two co-obligors, both obligors must sign the notice of

intention to be excluded; otherwise both shall be Settlement Class Members and both bound by

the terms of the release provided by any Final Approval Order); and (iii) state the intent of all

signatories not to participate in the Settlement.  No Preliminary Settlement Class Member, or any

person acting on behalf of or in concert or participation with that Settlement Class Member, may

exclude any other Preliminary Settlement Class Member.  No person may exercise any exclusion

rights of any other person, and in no event shall members of the Settlement Class who purport to

opt out of the Settlement as a group, aggregate, collective or class involving more than one

Account be considered a successful or valid opt-out; any such purported opt-out shall be void.

Any Preliminary Settlement Class Member who fails to timely and validly opt out of the

Settlement Class in the manner described in this Order and the Settlement Agreement shall be

bound by the terms of the Settlement and any Final Approval Order this Court may issue.

Further, any person within the Settlement Class who opts out will be deemed to have waived all

rights and benefits under the Settlement, and will not have standing to object to the Settlement.

11.     Within five (5) days of the expiration of the opt-out period set forth in the preceding paragraph, the Settlement Administrator shall prepare a list of the persons who have complied with the requirements for opt-out and exclusion from the Settlement and shall serve such list and copies of such persons' exclusion documents upon Class Counsel and Santander's Counsel.  Class Counsel may contact such persons to confirm the persons' intention to be excluded from the benefits and terms of the Settlement and shall promptly inform Santander's counsel of the results of those communications. At least five days prior to any hearing on the Final Approval Order, and in any event before requesting approval of the Final Approval Order, Class Counsel shall file a list of persons properly electing to be excluded from this Settlement with the Court and serve such filing and list upon Santander's Counsel at the same time.

12.     At least five days before the Final Approval Hearing, Class Counsel shall file a proposed final order, which proposed order shall be in the form attached to the Settlement Agreement with such changes that Santander may have approved.

13.     A hearing (the "Final Approval Hearing") shall be held before this Court at _____ a.m./p.m. on _____, 2021, at the United States District Court for the District of Massachusetts at 1 Courthouse Way, Boston, MA 02210, to determine: (i) whether the proposed Settlement should be finally approved as fair, reasonable and adequate; (ii) whether the Settlement Class should be finally certified; (iii) whether Class Members should be bound by the Release set forth in the Settlement Agreement; (iv) whether Class Members should be subject to a permanent injunction that, among other things, bars Class Members from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Release; (v) what amounts should be awarded to the Class Representatives for their service as such, if any; (vi) what amount of attorneys' fees and

costs to be awarded to Class Counsel, if any; (vii) whether judgment approving the Settlement and dismissing the Litigation on the merits and with prejudice against the Class Representatives, the Plaintiffs and the Settlement Class Members should be entered; and (viii) such other matters that may properly come before this Court in connection with the foregoing. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class Members (except those who filed timely and valid objections), may be postponed, continued or adjourned by order of the Court.

14.     Class Counsel's application for an award of fees and expenses, with any supporting materials that Class Counsel deems appropriate, shall be filed at least 5 days before the Final Approval Hearing.

15.     The Objection Deadline is _____ [thirty days before the scheduled date of the Final Approval Hearing]. Any objections by any Preliminary Settlement Class Member or any other person to: (i) the certification of the Settlement Class and the proposed Settlement, and/or (ii) the entry of the Final Approval Order, and/or (iii) any other aspect of the Settlement, shall be heard and any papers submitted in support of such objections shall be considered by the Court at the Final Approval Hearing if and only if, on or before the Objection Deadline, such objector files a written objection ("Objection") to the Settlement. To be valid, each Objection must be timely filed (as judged by the filing deadline set forth above), and must state: the basis for and an explanation of the objection; and the name, address, and telephone number of the Settlement Class Member making the objection. In addition, any objection must be personally signed by the Settlement Class Member and, if represented by counsel, by counsel. Objections that are untimely and/or otherwise invalid shall not be considered by this Court unless the Court orders otherwise. Any objector shall serve copies of his/her Objection all supporting papers upon counsel for the Parties identified in the Notice so that such papers are actually received by

6

counsel by the Objection Deadline. Class Counsel and Santander Counsel may file any response to any Objections within twenty days after the Objection Deadline.

16.     All other events contemplated by the Settlement Agreement to occur after this Order and before the Final Approval Hearing, and all aspects of settlement administration during that time, and all matters related to Court consideration of the Settlement, shall be governed by the Settlement Agreement, to the extent not inconsistent herewith.

17.     All proceedings in the Lawsuit, other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

18.     Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Lawsuit or of any wrongdoing, liability, or violation of law by Santander.

19.     At or after the Final Approval Hearing, the Court may approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Santander Counsel and without future notice to Class Members.

IT IS SO ORDERED, on this, the ____ day of _____, 2021.

_____
HONORABLE ALLISON D. BURROUGHS
UNITED STATES DISTRICT COURT JUDGE

DocuSign Envelope ID: 675AB916-9A25-46E2-903B-637590E98899

# Exhibit B

Draft 5/21/2021

## <u>United States District Court for The District of Massachusetts</u>

**You appear in the records of Santander Consumer USA Inc. ("Defendant") as having had your motor vehicle repossessed and sold by Defendant and received a presale notice or a post-sale notice that is a subject of this case. If this Settlement is approved by the Court, you will entitled to a payment and the waiver of any deficiency balance you may have.**

*This Notice Is Not A Solicitation From A Lawyer.*

- Defendant's records identify you as a member of the proposed Settlement Class in a class-action lawsuit that was filed by Lisa Piazza and Richard Yunker (the "Representative Plaintiffs") and another plaintiff against Defendant.
- The proposed settlement requires Defendant to provide Settlement Class Members with a check in an amount to be determined below and to waive any deficiency balance.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **DO NOTHING** | If you do nothing you will remain eligible to participate in the Settlement, and obtain benefits. You will be bound by the Court's Final Judgment and the release of claims explained in the Settlement Agreement. | |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement, you will not receive any benefits from the Settlement. Excluding yourself is the only option that allows you to bring or maintain your own lawsuit against the Defendant regarding the allegations in the Lawsuit. | Deadline: **[Month Day, Year]** |
| **OBJECT** | You may write to the Court about why you object to the Settlement and think it shouldn't be approved. Filing an objection does not exclude you from the Settlement. You may also attend the Final Approval Hearing and object to the settlement without sending any written objection. | Deadline: **[Month Day, Year]** |

- These rights and options – **and the deadlines to exercise them** – are explained in more detail below.

The Court in charge of this Lawsuit has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement. The relief provided to Settlement Class Members will be provided only if the Court gives final approval to the Settlement and, if there are any appeals, after the appeals are resolved in favor of the Settlement. ***Please be patient.***

## BASIC INFORMATION - THIS CASE

A class action lawsuit entitled *Lisa Piazza, Joseph Borden and Richard Yunker v. Santander Consumer USA Inc. and JMC Distribution LLC*, Case No. 1:19-CV-11697-ADB, is pending in the U.S. District Court for the District of Massachusetts (the "Lawsuit"). The Lawsuit claims that Defendant violated the Massachusetts Commercial Code and the Massachusetts Consumer Protection Act by sending post-repossession notices and/or post-sale notices that failed to accurately describe Settlement Class Members' liability for deficiency balances, as required by law. Defendant denies these claims, has asserted numerous defenses to the action, and denies that class certification is required or appropriate.

The Court has not decided who is right or wrong in this Lawsuit. Although no decision has been made about who is right and who is wrong, both sides have agreed to a proposed Settlement in order to avoid the expense, delay and uncertainty of a trial.  The Settlement will also get relief to Settlement Class Members more quickly than proceeding in the litigation, assuming even that the Plaintiffs would prevail in the Litigation. The Representative Plaintiffs and the attorneys for the Settlement Class think the Settlement is best for all Settlement Class Members.

The Lawsuit is called a "Class Action" because the Representative Plaintiffs are suing on behalf of other people with similar claims, called "Class Members." The parties have agreed to treat the Lawsuit as a Class Action for settlement purposes only.

## HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?

You are a Settlement Class Member if you are or have been an obligor on an account with respect to which Defendant sent a notice identical and/or substantially similar to the Statutory Notices sent to the Representative Plaintiffs, between June 11, 2015 and September 8, 2019, and your vehicle was repossessed and then sold, leased, licensed or otherwise disposed of by Defendant after Defendant sent you such a notice, and have not been excluded by the terms of the Settlement Agreement.  If this notice was addressed to you, the Defendant's records indicate that you are part of the Settlement Class and entitled to the benefits described below.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

If the Settlement is approved by the Court, all Settlement Class Members will receive certain monetary benefits. If the Settlement is not approved by the Court, Settlement Class Members will not get any benefits of the Settlement and the parties will go back to Court for further proceedings, including possibly a trial.  The parties have made their best efforts to negotiate a settlement that is fair and reasonable under the circumstances.

1. *Deficiency Balance Release*:  Defendant will release and abandon any deficiency amount that it contends you owe[1]; <u>AND</u>

2. *Check*: You will also be entitled to receive a check in an amount equal to your proportional share from a Settlement Fund of $5,600,000. The amount of these checks will vary from person to person in accordance with the respective amounts they financed from Defendant and the interest and finance charges they agreed to pay. The average check amount for the

---

[1] Plaintiffs contend that recourse to recover a repossession deficiency arises only post-repossession if all the requirements of Massachusetts law are met. Plaintiffs further contend and allege that Defendant failed to comply with that law and therefor that the Class Members' alleged deficiency obligations never arose. Defendant disagrees, and contends that it complied with applicable law and met such requirements and that in any event the Class Members' deficiency obligations are valid and enforceable. The parties acknowledge that Defendant's agreement that the deficiencies will not be collected is in settlement of a contested liability.

approximately ▢ Settlement Class Members in this Group will be $▢.

**You do NOT need to do anything to receive these benefits.**

**REPRESENTATIVE PLAINTIFFS Incentive Payment**. The REPRESENTATIVE PLAINTIFFS will request an incentive payment of $7,500 each for their services as a class representative and their efforts in bringing the Lawsuit. If the Court approves the request, the incentive payments will be paid from the Settlement Fund.

**Attorneys' Fees**. Counsel for the Settlement Class will seek attorneys' fees and costs of thirty-three percent (33%) of the Settlement Fund, subject to approval by the Court at the Final Approval Hearing referred to below. If the Court approves the request, these fees and costs will be paid from the Settlement Fund and will be in the approximate amount of $1,848,000.

**Uncashed Checks**. Any uncashed or unclaimed checks from these settlement payments will not revert to Defendant. If approved by the Court, the aggregate amount of any uncashed or unclaimed checks will be divided equally between LISC Boston | Local Initiatives Support Corporation and National Consumer Law Center, Inc.

## THE SETTLEMENT RELEASE—WHAT YOU WILL GIVE UP

If the Court approves the proposed Settlement, unless you exclude yourself from the Settlement, you will be releasing your claims against Defendant. **YOU WILL NOT BE ABLE TO FILE A LAWSUIT OR BRING A CLAIM, CONTINUE PROSECUTING A LAWSUIT, OR BE PART OF ANY OTHER LAWSUIT AGAINST DEFENDANT FOR CLAIMS RELATED TO INSUFFICIENT OR UNLAWFUL REPOSSESSION AND DEFICIENCY NOTICES.**

## YOUR RIGHTS - EXCLUDE YOURSELF

If you are a member of the Settlement Class, you will be included in the Settlement unless you request to be excluded. If you remain in the Settlement Class and this Settlement is approved by the Court, you will receive the benefits described above. If you do not want to participate in the Settlement, you can exclude yourself or "opt out." If you exclude yourself, you will not receive any benefits from the Settlement, you will not be bound by any judgment or release in this Lawsuit and you will keep your right to sue Defendant on your own if you want. If you exclude yourself, you may not object to the Settlement.

To exclude yourself, you must send a written request that contains your original signature and: **(a)** the name and case number of the Lawsuit, "*Lisa Piazza, Joseph Borden and Richard Yunker v. Santander Consumer USA Inc. and JMC Distribution LLC*, Case No. 1:19-CV-11697-ADB"; **(b)** your full name, address, and telephone number; **(c)** your signature and the signatures of anyone else liable on your account with Defendant; and **(d)** a statement that you, and everyone else liable on your account, does not wish to participate in the Settlement, postmarked no later than [Month Day, Year] to the Settlement Administrator at:

ADMIN

An opt-out form is included at the end of this Notice.

**IF YOU DO NOT MAKE A TIMELY AND VALID REQUEST FOR EXCLUSION ACCORDING TO THE PROCEDURES DESCRIBED HEREIN, YOU WILL REMAIN A SETTLEMENT CLASS MEMBER AND BE BOUND BY THE SETTLEMENT.**

DocuSign Envelope ID: 675AB916-9A25-46F2-993B-63759BE98899

### YOUR RIGHTS - OBJECT TO THE SETTLEMENT

If you do not request to be excluded, you may object to the Settlement. You may not do both. You may object in writing before the Final Approval Hearing.

#### Objecting in Writing

To object in writing, send a letter saying that you object to the proposed settlement in "*Lisa Piazza, Joseph Borden and Richard Yunker v. Santander Consumer USA Inc. and JMC Distribution LLC*, Case No. 1:19-CV-11697-ADB" to the Settlement Administrator at:

ADMIN

Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. Mail the objection to the Settlement Administrator so that it is postmarked by _____, 2021.

**IF YOU DO NOT TIMELY MAKE YOUR OBJECTION IN WRITING ACCORDING TO THE PROCEDURES DESCRIBED HEREIN, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS TO THE SETTLEMENT**.

### FINAL APPROVAL HEARING

The Court will hold a hearing on _____ in Courtroom ____ at the United States District Court for the District of Massachusetts, located at 1 Courthouse Way, Boston, MA 02210, to decide whether to give final approval to the Settlement. The purpose of the Final Approval Hearing will be for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the Class; to consider the award of attorneys' fees and costs to Class Counsel; to consider the request for an incentive payment to the Representative Plaintiffs; and to consider whether the Settlement Class Members should be bound by the Release and be prohibited from suing over Released Claims.

Please contact the Settlement Administrator or class counsel for any updates about the Settlement generally or the Final Approval Hearing specifically. At that hearing, the Court will hear any Objections and arguments concerning the fairness of the Settlement. You may attend, but you do not have to.

### GETTING MORE INFORMATION

If you have questions or would like more information, you may contact the Settlement Administrator at the postal mailing address: c/o ADMIN, or **call toll-free at 1-800-XXX-XXXX**.

You may also contact Class Counsel at the phone number and/or address listed below. Please be advised that Defendant and/or Defendant's Counsel cannot comment or otherwise provide any advice with respect to this Notice or the Settlement.

Any opt-out forms or objections should be sent to the Settlement Administrator, not to the Court. Any questions should be directed either to the Settlement Administrator or to Class Counsel, not to the Court.

**Please do not contact the Judge concerning this case.**

## WHAT IF MY ADDRESS OR OTHER INFORMATION HAS CHANGED OR CHANGES AFTER I RECEIVE MY NOTICE?

It is your responsibility to inform the Settlement Administrator of your updated information so that a check may be sent to you if the settlement is approved. You may do so at the address below:

ADMIN

## IMPORTANT ADDRESSES

**Class Counsel:**

Law Office of Nicholas F. Ortiz, P.C
50 Congress Street, Suite 540
Boston, MA 02109
T: (617) 338-9400

**Defendant's Counsel:**

Charles A. Ognibene
Michael T. Grant
Robert J. Brener
Duane Morris LLP
100 High Street, Suite 2400
Boston, MA 02110
T: 857-488-4200

**Class Administrator:**

ADMIN

**toll-free at 1-800-XXX-XXXX**

**Court:**

United States District Court for the District of Massachusetts
1 Courthouse Way
Boston, MA 02210

## IMPORTANT DATES

| | |
|---|---|
| **XXXXXXXX** | All OPT OUTS/REQUESTS FOR EXCLUSION must be postmarked and mailed to the Settlement Administrator. |
| **XXXXXXXX** | ANY WRITTEN OBJECTIONS must be postmarked and mailed to the Settlement Administrator. |
| **XXXXXXX, at __:__** | FINAL APPROVAL HEARING. |

5

Dated: XXX XX, 2021

DM3\7638155.2

==ADMIN ADDRESS==                                        Must be Post-Marked By: ==DATE==

*Lisa Piazza, Joseph Borden and Richard Yunker v. Santander Consumer USA Inc.*
*and JMC Distribution LLC*

Case No. 1:19-CV-11697-ADB

(U.S.D.C., D. Massachusetts at Boston)

### **OPT OUT FORM**

I wish to exclude myself from the Settlement in *Lisa Piazza, Joseph Borden and Richard Yunker v. Santander Consumer USA Inc. and JMC Distribution LLC*, Case No. 1:19-CV-11697-ADB. If there are any other people liable on my account, all have signed this form and also wish to be excluded from this Settlement.

ORIGINAL SIGNATURE: _____ Date (mm/dd/yy): _____

Print full name: _____

Address: _____

City: _____ State: _____ Zip Code: _____

Telephone number: _____


Complete this portion of the form if there are other people liable on your account:

Co-obligor (1) full name: _____

Co-obligor (1) signature: _____

Co-obligor (2) full name: _____

Co-obligor (2) signature: _____


Return fully completed form to:

==ADMIN==


Is this address you different than the one in the Notice you received: Yes _____   No _____.

7

# Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA PIAZZA, JOSEPH BORDEN, and RICHARD YUNKER, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 1:19-cv-11697-ADB |
| SANTANDER CONSUMER USA INC. and JMAC DISTRIBUTION LLC, | ) ) ) |
| Defendants. | ) ) ) |

### [PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT

**WHEREAS**, Plaintiffs Lisa Piazza, Joseph Borden, and Richard Yunker ("Plaintiffs" or "Class Representatives"), through their counsel, have submitted to the Court a Motion for Final Approval of Class Action Settlement and Judgment (the "Final Approval Motion") which motion seeks (i) final approval of the parties' Class Action Settlement Agreement between Plaintiffs and Defendant Santander Consumer USA Inc. ("Santander") dated May __, 2021 with exhibits (the "Settlement Agreement") and judgment dismissing with prejudice the Litigation against Santander;

**WHEREAS**, on _____, a Preliminary Approval Order was entered by the Court preliminarily approving the proposed settlement pursuant to the terms of the Settlement Agreement between Plaintiffs and Santander (the "Settlement") [Docket No. __];

1

**WHEREAS**, pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to opt-out, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, inter alia: (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate for the release of the claims contemplated by the Settlement Agreement; and (ii) whether judgment should be entered dismissing this Litigation with prejudice;

**WHEREAS**, Class Counsel has also submitted their Motion for an Order Awarding Attorneys' Fees, Costs, and Incentive Award [Docket No. ____];

**WHEREAS**, a Final Approval Hearing was held on _____, 2021. Prior to the Final Approval Hearing, the Settlement Class was notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement, the award of Attorney's Fees and Costs to Class Counsel, and the payment of an Incentive Award.

**NOW, THEREFORE,** the Court having heard the presentation of Class Counsel and counsel for Santander, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, reasonable, and adequate, having considered the Attorney's Fees and Cost application made by Class Counsel and the application for an Incentive Award to the Class Representatives, and having reviewed the materials in support thereof, and good cause appearing:

THIS COURT FINDS AND ORDERS AS FOLLOWS:

1.      This Final Order Approving Class Action Settlement and Judgment (the "Final Approval Order") incorporates by reference as if fully set forth herein all definitions contained in the Settlement Agreement, and all terms used herein and not otherwise defined shall have the

respective meanings ascribed to them in the Settlement Agreement.

2.     The Court finds that the plan for Notice set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and of their right to object and to appear at the Final Approval Hearing or to exclude themselves from the Settlement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

3.     The Court finds that Santander has fully complied with CAFA's notice requirements.

4.     Pursuant to Fed. R. Civ. P. 23, the Court finds that the terms and conditions set forth in the Settlement Agreement and the Settlement therein (the "Settlement"), are finally approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical and procedural considerations of the Litigation, (b) free of collusion to the detriment of the Settlement Class, and (c) within the range of possible final judicial approval. The Court therefore grants final approval to the Settlement of this Litigation in accordance with the terms of the Settlement Agreement.

5.     Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court finally certifies the following class (the "Settlement Class"):

> All Accounts with respect to which Santander sent a notice identical and/or substantially similar to the presale notices attached as Exhibit A to the Amended Complaint [Dkt. No. 46] (a "Contested Pre-Sale Notice") at any time during the Class Period and sold leased, licensed or otherwise disposed of the vehicle referred to in such notice pursuant to such Contested Pre-Sale

DocuSign Envelope ID: 675AB916-9A25-46F2-993B-63759B598899

Notice, and/or sent a notice identical and/or substantially similar to the post-sale notice attached as Exhibit B to the Amended Complaint, on or after July 22, 2016; excluding: (i) any Account that includes within the applicable RISC (as defined in Section 1 of the Settlement Agreement), a provision requiring the parties to submit to binding non-class arbitration in lieu of participation in Litigation upon the election of either party, and (ii) any Account that is subject to a judgment or a release agreement in favor of Santander.

6.      This Court finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, and more specifically that: (a) the Settlement Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

7.      For settlement purposes only, and after considering the relevant factors in Fed. R. Civ. P. 23 and further consideration at the Final Approval Hearing, Plaintiffs Lisa Piazza and Richard Yunker are designated as the Class Representatives, and Class Counsel is appointed as counsel for the Settlement Class. The law firm and attorney representing the Settlement Class are:

Nicholas F. Ortiz
Law Office of Nicholas F. Ortiz, P.C.
50 Congress Street, Suite 540
Boston, Massachusetts 02109

8.      The Parties shall effectuate the Settlement Agreement in accordance with its

4

terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

9.      Class Counsel reports that it has received no objections to the Settlement and no objections have been filed with the Court.

10.      [A list of those in the Settlement Class who have timely elected to opt out of the Settlement and the Settlement Class, and who therefore are not bound by the Settlement, this Order and the Judgment to be entered hereon, has been submitted to the Court in the Declaration of _____ from the Class Counsel filed in advance of the Final Approval Hearing. That list is attached as <u>Exhibit A</u> to this Order.]

11.      The Settlement Class Members, which will be bound by this Final Approval Order and Judgment hereon, shall include all members of the Settlement Class who did not submit timely and valid requests to be excluded from the Settlement Class.

12.      [The putative Settlement Class Members identified on the list submitted to the Court and included on <u>Exhibit A</u> as having timely and properly elected to opt out from the Settlement and the Settlement Class are hereby excluded from the Settlement Class and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement.]

13.      The Litigation, and all claims and causes of action asserted therein, shall be dismissed in its entirety against Santander on the merits and with prejudice and entered. This dismissal is without costs to any party, except as specifically provided in the Settlement Agreement.

14.      All persons who have not made their objections to the Settlement in the manner

provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

15.     Class Representatives and all Settlement Class Members are permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any lawsuit, claim, demand, application, or proceeding of any kind in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Release against Santander and all other Released Persons.

16.     Class Representatives and all Settlement Class Members shall, to the extent provided in the Settlement Agreement, conclusively be deemed to have forever released, relinquished, and discharged Santander and all other Released Persons from any and all of the Released Claims as provided in the Settlement Agreement.

17.     The terms of the Settlement Agreement, this Final Approval Order and the Judgment to be entered hereon shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest or expenses which were or could have been asserted in the Litigation or are in any way related to the calls at issue in the Litigation.

18.     Class Counsel has moved for an award of attorneys' fees and costs of _____ and expenses in the amount of _____. Docket No. __. The Court finds that Class Counsel's requested award of attorneys' fees, costs and expenses is fair and reasonable, and the Court approves of Class Counsel attorneys' fees, costs and expenses in this amount. The Court directs the Settlement Administrator to disburse this amount to Class Counsel from the Settlement Fund as provided in the Settlement Agreement.

6

19.     Plaintiffs have moved for an Incentive Award of ____ .Docket No. ____. The Court finds that the requested Incentive Award is fair and reasonable, and the Court approves the Incentive Award in this amount. The Court directs the Settlement Administrator to disburse this amount to Plaintiffs from the Settlement Fund as provided in the Settlement Agreement.

20.     Neither this Final Approval Order nor the Settlement Agreement is an admission or concession by Santander of any fault, omission, liability, or wrongdoing. This Final Approval Order is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by Santander. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of the Settlement Class Members or Santander.

21.     Settlement Class Members were given an opportunity to object to the Settlement and to the attorneys' fees petition. There being no objections to either, the Court finds that no just reason exists for delay in entering this Final Approval Order. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order and Judgment.

22.     Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement pursuant to further orders of the Court until the Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Settlement Agreement; (b) any other action necessary to conclude this Settlement and to implement the Settlement Agreement; and (c) the enforcement, construction, and interpretation of the Settlement Agreement.

23.     Should the Settlement not become effective and final in accordance with its terms, this Final Approval Order shall be rendered null and void to the extent provided by and in

accordance with the Settlement Agreement and shall be vacated and, in such event, all orders and

releases delivered in connection herewith shall be null and void to the extent provided by and in

accordance with the Settlement Agreement.

SO ORDERED, on this, the _____ day of _____, 2021.

_____
HONORABLE ALLISON D. BURROUGHS
UNITED STATES DISTRICT COURT JUDGE