UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                          )
LISA PIAZZA, JOSEPH BORDEN, and          )
RICHARD YUNKER,                                   )
                                                          )
          Plaintiffs,                                     )
                                                          )
v.                                                           )          C.A. No. 1:19-CV-11697-ADB
                                                          )
SANTANDER CONSUMER USA INC.,         )
and JMAC DISTRIBUTION LLC,                  )
                                                          )
          Defendants.                                  )
_____ )

## DECLARATION OF COUNSEL

The undersigned, Nicholas F. Ortiz, on oath depose and state the following:

1.  I was admitted to the bar of the Supreme Judicial Court of Massachusetts in December, 2002 and have been admitted to practice before the United States District Court, District of Massachusetts since early in 2003.

2.  I graduated from Boston University School of Law with a J.D. degree in 2001 and from Vanderbilt University with a B.A. degree in 1996.

3.  I have practiced primarily employment and consumer law since early in 2003.

4.  I have been appointed class counsel in several cases, including the following:

    *Hickman v. Riverside Park Enterprises, Inc.,* Case No. 1681CV03110 (Mass Sup. Ct.) (partial summary judgment granted in favor of class of thousands of Six Flags workers in overtime claim);

    *Julks v. Atlantic Funding Group*, Case No. 1:06-cv-11704-LTS (D. Mass.) (class-wide FDCPA settlement on behalf of Massachusetts consumers);

    *Wieland v. Bring Care Home, Inc.*, Case No. ESCV2013-01380, 2015 WL 5751843 (Mass. Sup. Ct.) (class action settlement in favor of home health aides who were not paid for all hours worked or for travel to clients' homes, and who could not cash payroll checks without incurring a fee);

    *Miller v. Pier 1 Imports (U.S.), Inc.*, Case No. 1:13-cv-12595-GAO (D. Mass.) (class action settlement in favor of debit card users whose zip codes were improperly recorded when they shopped at Pier 1);

*Texeira v. Daggett-Crandall-Newcomb Home, Inc.*, Case No. 1573 CV 00264 (Mass. Sup. Ct.) (class action settlement in favor of nurses who were required to perform unpaid work before their shifts started);

*DeVito v. Longwood Security Services*, Case No. 13-1724 (Mass. Sup. Ct.) (class action settlement in favor of security guards who were expected to be on call and to work during unpaid breaks);

*Vigna v. Minuteman Volkswagen, Inc.*, Case No. MICV2013-05520-H (Mass. Sup. Ct.) (class action settlement in favor of car salespeople who were not paid overtime wages for their overtime hours worked, and whose work hours were improperly deducted from their paychecks);

*Cole v. Trinity EMS, Inc*., Case No. 1781CV02005 (Mass. Sup. Ct.) (class certification granted in favor of medical support staff who were required to pay for their uniforms and attend unpaid trainings);

*Santos v. River Works Credit Union*, Case No. 16-0155-BLS1 (Mass. Sup. Ct.) (class action settlement in favor of consumers who received unlawful form notices after their cars were repossessed);

*Coroa v. First Citizens' Federal Credit Union*, Case No. 1673CV00558 (Mass. Sup. Ct.) (class action settlement in favor of consumers who received unlawful form notices after their cars were repossessed);

*Chambers v. RDI Logistics, Inc., et al.*, Case No. 13-00912-A (Mass. Sup. Ct.) (class action settlement in favor of delivery drivers who were misclassified as independent contractors);

*Garcia v. Right At Home, Inc., et al.*, Case No. 15-00808-BLS2 (Mass. Sup. Ct.) (class action settlement in favor of home health aides who were not paid for intraday travel time between jobs);

*Canelas v. A. B. Seafood, LLC, et al.*, Case No. 1784-CV-00072 (Mass. Sup. Ct.) (class action settlement in favor of laborers for a seafood distributor who were not paid overtime wages for their overtime hours);

*Romero v. Gandara Mental Health Center, Inc., et al.*, Case No. 1784-CV-00072 (Mass. Sup. Ct.) (class action settlement in favor of therapeutic staff at a mental health care service provider who were not paid wages for their overtime hours);

*Escorbor v. Helping Hands Company, Inc., et al.,* Case No. 2015-02053D (Mass. Sup. Ct.) (class action settlement in favor of home health aides who were not paid for time spent or expenses incurred traveling between jobs);

*Solares v. Medical Resources Home Health Corp., et al.*, Case No. 17-0585-F (Mass. Sup. Ct.) (class action settlement in favor of home health aides who were not paid for time spent or expenses incurred traveling between jobs);

*Settlow v. Savin Mass Wings #1, LLC, et al.*, Case No. 1781CV00429 (Mass. Sup. Ct.) (class action settlement in favor of food delivery drivers who were not paid delivery fees and charges or reimbursed for transportation expenses);

*Fitzgerald v. The Chateau Restaurant of Burlington, Inc., et al.*, Case No. 1481CV01990 (Mass. Sup. Ct.) (class action settlement in favor of restaurant managers who were expected to be on call and to work during unpaid breaks);

*Mickevich v. Fine Finish, Inc., et al.*, Case No. 1681CV01682 (Mass. Sup. Ct.) (class action settlement in favor of cabinet makers and carpenters who were not paid overtime wages for overtime hours worked).

*Sanchez v. Greener Group, LLC, et al.*, Case No. 1681CV01324 (Mass. Sup. Ct.) (class action settlement in favor of construction workers who were not paid overtime wages or for time spent traveling between jobs);

*Lindley v. Max's Grill, LLC, et al*., Case No. 1879CV00060 (Mass. Sup. Ct.) (class action settlement in favor of restaurant workers who were required to pay for their uniforms);

*O'Dell v. O'Connell Professional Nurse Service, Inc., et al*., Case No. 1779CV00055 (Mass. Sup. Ct.) (class action settlement in favor of home health aides who were not paid overtime wages, or for time spent or expenses incurred while traveling between jobs);

*Speakman v. Sullivan Bros. Nissan, Inc., et al*., Case No. 1683CV00165 (Mass. Sup. Ct.) (class action settlement in favor of car salespeople who were not paid overtime wages for their overtime hours worked and issued inaccurate paystubs);

*Velleman v. Workers' Credit Union*, Case No. 1681CV03110 (Mass. Sup. Ct.) (class action settlement in favor of consumers who received unlawful form notices after their cars were repossessed);

*Hartwell v. Americredit Financial Services, Inc.*, Case No. 1:18-CV-11895-DJC (D. Mass) (class action settlement in favor of consumers who received unlawful form notices after their cars were repossessed);

*Foster v. Four County West, Inc., et al.*, Case No. 1780CV00102 (Mass. Sup. Ct.) (class action settlement in favor of home health aides who were not paid for time spent or expenses incurred while traveling between jobs);

*Johnson v. Bay Watch, Inc., et al.*, Case No. 1782CV0799 (Mass. Sup. Ct.) (class action settlement in favor of exotic dancers and other service employees of a night club who were misclassified as independent contractors, required to pay a portion of their wages to their employer and coworkers, issued inaccurate paystubs, and not paid minimum wage);

*Gregoriades, et al. v. Daniel J. Quirk, Inc., et al.*, Case No. 1982CV01300 (Mass. Sup. Ct.) (class action settlement in favor of car salespeople who were not paid overtime wages or Sunday premium pay for their overtime and Sunday hours worked);

*Miller v. Danvers Motor Company, Inc., et al.*, Case No. 1977CV00563 (Mass. Sup. Ct.) (class action settlement in favor of car salespeople who were not paid overtime wages or Sunday premium pay for their overtime and Sunday hours worked);

*Sullivan v. Gallery Automotive Group, LLC, et al.*, Case No. 1784CV03467 (Mass. Sup. Ct.) (class action settlement in favor of car salespeople who were not paid overtime wages or Sunday premium pay for their overtime and Sunday hours worked);

*Rouille v. CityPsych Wellness, LLC, et al.*, Case No. 1984CV01120 (Mass. Sup. Ct.) (class action settlement in favor of nurses who were not paid for expenses incurred while traveling between jobs);

*Connolly v. Umpqua Bank*, Case No. 2:15-CV-00517-TSZ (W.D. Wash.) (admitted *pro hac vice*) (class action settlement in favor of consumers subject to unlawful background checks);

*Bastian v. Community Credit Union of Lynn*, Case No. 1982CV00719 (Mass. Sup. Ct.) (appointed class counsel on a contested class certification motion on behalf of consumers who received unlawful form notices after their cars were repossessed);

*Ortiz v. Security Service Specialists, Inc.*, Case No. 1781CV03384 (Mass. Sup. Ct.) (class action settlement in favor of security guards who were not paid overtime wages for their overtime hours worked);

*Stacy v. Worcester Skilled Care Center, Inc. d/b/a Wingate At Worcester*, Case No. 1982CV01561 (Mass. Sup. Ct.) (class action settlement in favor of healthcare workers who were not paid for their accrued paid time off);

*Davies v. Raymours Furniture Company, Inc.*, Case No. 1:19-cv-11669-RWZ (D. Mass) (class action settlement in favor of salespeople who were not paid overtime wages or Sunday or holiday premium pay for their overtime, Sunday, and holiday hours worked);

*Gershkoff v. Tasca Automotive Group, Inc.*, Case No. 1883CV01180 (Mass. Sup. Ct.) (class action settlement in favor of car salespeople who were not paid overtime wages for their overtime hours worked);

*Curcis v. Tedesco Country Club*, Case No. 197701406 (Mass. Sup. Ct.) (class action settlement in favor of servers and bartenders whose employer failed to remit service fees it charged to customers);

*Galvin v. International Cars Ltd., Inc.*, Case No. 1977CV00890 (Mass. Sup. Ct.) (class action settlement in favor of car salespeople who were not paid overtime wages or Sunday or holiday premium pay for their overtime, Sunday, and holiday hours worked);

*Lewis v. Copeland Enterprises, Inc.*, Case No. 1982CV01535 (Mass. Sup. Ct.) (class action settlement in favor of car salespeople who were not paid overtime wages or Sunday or holiday premium pay for their overtime, Sunday, and holiday hours worked); and

4

*White v. Ally Financial Inc.*, Case No. 3:18-cv-30143-MGM (D. Mass) (class action settlement in favor of consumers who received unlawful form notices after their cars were repossessed).

5. I have served as a mentor for the low-bono public interest organization, JusticeBridge, affiliated with the University of Massachusetts Law School since 2015.

6. I am a volunteer attorney for Discovering Justice, where I participate in mock trials and other events designed to complement the civics education of Boston-area students by teaching them about the Constitution and justice system in order to encourage and support them as citizen-leaders in our twenty-first-century democracy.

7. Class Counsel believe that the Settlement Agreement between the parties is fair and reasonable and in the best interests of the Settlement Class. Counsel's reasons for this belief are set forth in the Consent Motion for Preliminary Approval of Class Action Settlement.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY July 30, 2021.

*/s/ Nicholas F. Ortiz*

_____

Nicholas F. Ortiz