UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA PIAZZA, JOSEPH BORDEN, and RICHARD YUNKER,<br><br>    Plaintiffs,<br><br>    v.<br><br>SANTANDER CONSUMER USA INC. and JMAC DISTRIBUTION LLC,<br><br>    Defendants. | Civil Action No. 1:19-cv-11697-ADB |

**FINAL ORDER APPROVING
CLASS ACTION SETTLEMENT AND JUDGMENT**

**WHEREAS**, Plaintiffs Lisa Piazza and Richard Yunker ("Class Representatives") and Joseph Borden, through their counsel, have submitted to the Court a Motion for Final Approval of Class Action Settlement and Judgment (the "Final Approval Motion") which motion seeks (i) final approval of the parties' Class Action Settlement Agreement between Plaintiffs and Defendant Santander Consumer USA Inc. ("Santander") dated June 25, 2021 with exhibits (the "Settlement Agreement") and judgment dismissing with prejudice the Litigation against Santander;

**WHEREAS**, on August 4, 2021, a Preliminary Approval Order was entered by the Court preliminarily approving the proposed settlement pursuant to the terms of the Settlement Agreement between Plaintiffs and Santander (the "Settlement") [Docket No. 89];

1

**WHEREAS**, pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to opt-out, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, *inter alia*: (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate for the release of the claims contemplated by the Settlement Agreement; and (ii) whether judgment should be entered dismissing this Litigation with prejudice;

**WHEREAS**, Class Counsel has also submitted their Application For Attorneys' Fees And Costs and Incentive Award;

**WHEREAS**, a Final Approval Hearing was held on December 16, 2021. Prior to the Final Approval Hearing, the Settlement Class was notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement, the award of Attorney's Fees and Costs to Class Counsel, and the payment of an Incentive Award.

**NOW, THEREFORE,** the Court having heard the presentation of Class Counsel and counsel for Santander, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, reasonable, and adequate, having considered the Attorney's Fees and Cost application made by Class Counsel and the application for an Incentive Award to the Class Representatives, and having reviewed the materials in support thereof, and good cause appearing:

THIS COURT FINDS AND ORDERS AS FOLLOWS:

1.  This Final Order Approving Class Action Settlement and Judgment (the "Final Approval Order") incorporates by reference as if fully set forth herein all definitions contained in the Settlement Agreement, and all terms used herein and not otherwise defined shall have the

respective meanings ascribed to them in the Settlement Agreement.

2. The Court finds that the plan for Notice set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and of their right to object and to appear at the Final Approval Hearing or to exclude themselves from the Settlement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

3. The Court finds that Santander has fully complied with CAFA's notice requirements.

4. Pursuant to Fed. R. Civ. P. 23, the Court finds that the terms and conditions set forth in the Settlement Agreement and the Settlement therein (the "Settlement"), are finally approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical and procedural considerations of the Litigation, (b) free of collusion to the detriment of the Settlement Class, and (c) within the range of possible final judicial approval. The Court therefore grants final approval to the Settlement of this Litigation in accordance with the terms of the Settlement Agreement.

5. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court finally certifies the following class (the "Settlement Class"):

> All Accounts with respect to which Santander sent a notice identical and/or substantially similar to the presale notices attached as Exhibit A to the Amended Complaint [Dkt. No. 46] (a "Contested Pre-Sale Notice") at any time during the Class Period and sold leased, licensed or otherwise disposed of the vehicle referred to in such notice pursuant to such Contested Pre-Sale

>Notice, and/or sent a notice identical and/or substantially similar to the post-sale notice attached as Exhibit B to the Amended Complaint, on or after July 22, 2016; excluding: (i) any Account that includes within the applicable RISC (as defined in Section 1 of the Settlement Agreement), a provision requiring the parties to submit to binding non-class arbitration in lieu of participation in Litigation upon the election of either party, and (ii) any Account that is subject to a judgment or a release agreement in favor of Santander.

6. This Court finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, and more specifically that: (a) the Settlement Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

7. For settlement purposes only, and after considering the relevant factors in Fed. R. Civ. P. 23 and further consideration at the Final Approval Hearing, Plaintiffs Lisa Piazza and Richard Yunker are designated as the Class Representatives, and Class Counsel is appointed as counsel for the Settlement Class. The law firm and attorney representing the Settlement Class are:

>Nicholas F. Ortiz
>Law Office of Nicholas F. Ortiz, P.C.
>50 Congress Street, Suite 540
>Boston, Massachusetts 02109

8. The Parties shall effectuate the Settlement Agreement in accordance with its

terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

9. Class Counsel reports that it has received no objections to the Settlement and no objections have been filed with the Court.

10. The Settlement Class Members will be bound by this Final Approval Order and Judgment hereon.

11. The Litigation, and all claims and causes of action asserted therein, shall be dismissed in its entirety against Santander on the merits and with prejudice and entered. This dismissal is without costs to any party, except as specifically provided in the Settlement Agreement.

12. All persons who have not made their objections to the Settlement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

13. Class Representatives and all Settlement Class Members are permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any lawsuit, claim, demand, application, or proceeding of any kind in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Release against Santander and all other Released Persons.

14. Class Representatives and all Settlement Class Members shall, to the extent provided in the Settlement Agreement, conclusively be deemed to have forever released, relinquished, and discharged Santander and all other Released Persons from any and all of the Released Claims as provided in the Settlement Agreement.

15. The terms of the Settlement Agreement, this Final Approval Order and the Judgment to be entered hereon shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest or expenses which were or could have been asserted in the Litigation or are in any way related to the calls at issue in the Litigation.

16. Class Counsel has moved for an award of attorneys' fees and costs of $1,866,666. The Court finds that Class Counsel's requested award of attorneys' fees, costs and expenses is fair and reasonable, and the Court approves of Class Counsel attorneys' fees, costs and expenses in this amount. The Court directs the Settlement Administrator to disburse this amount to Class Counsel from the Settlement Fund as provided in the Settlement Agreement.

17. The Class Representatives, Plaintiffs Lisa Piazza and Richard Yunker, have moved for an Incentive Award of $7,500 each. The Court finds that the requested Incentive Award is fair and reasonable, and the Court approves the Incentive Award in this amount. The Court directs the Settlement Administrator to disburse this amount to the Class Representatives from the Settlement Fund as provided in the Settlement Agreement.

18. The Court approves American Legal Claim Services LLC as the replacement for First Class, Inc. as Settlement Administrator.

19. Neither this Final Approval Order nor the Settlement Agreement is an admission or concession by Santander of any fault, omission, liability, or wrongdoing. This Final Approval Order is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by Santander. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the

merits of the claims and defenses of the Settlement Class Members or Santander.

20. Settlement Class Members were given an opportunity to object to the Settlement and to the attorneys' fees petition. There being no objections to either, the Court finds that no just reason exists for delay in entering this Final Approval Order. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order and Judgment.

21. Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement pursuant to further orders of the Court until the Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Settlement Agreement; (b) any other action necessary to conclude this Settlement and to implement the Settlement Agreement; and (c) the enforcement, construction, and interpretation of the Settlement Agreement.

22. Should the Settlement not become effective and final in accordance with its terms, this Final Approval Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

SO ORDERED, on this, the  16   day of     December     , 2021.

_____
HONORABLE ALLISON D. BURROUGHS
UNITED STATES DISTRICT COURT JUDGE